Memorandum. The order appealed from should be reversed and the petition dismissed.
Neither the petition nor the facts disclosed at the hearing sustain the finding of the Family Court that the respondent was “ a person in need of supervision ”. The record is silent on any misbehavior other than a single act of criminal trespass, and there must be more than a single isolated incident to support the determination of “ need of supervision ”. (Matter of David W., 28 N Y 2d 589.)
*731 Although the facts set forth in the petition might have spelled out the crime of criminal trespass in the second degree' — if committed by an adult — and, accordingly, might have supported a charge of juvenile delinquency against the 13-year-old respondent (Family Ct. Act, § 712, subd. [a]), the fact is that the crime of criminal trespass in the second degree was not alleged in the juvenile delinquency petition except as it was a lesser included crime of burglary in the third degree. When the Family Court dismissed the third-degree burglary charge at the close of the petitioner’s case, the court thereafter was without jurisdiction to find any lesser crime included within the dismissed burglary charge. We note that it is permissible for the Family Court, where the circumstances warrant, to find that a respondent has committed a lesser crime included within the crime charged, and determine the respondent to be a juvenile delinquent based upon the lesser included crime.
Article 7 of the Family Court Act, pertaining to juvenile delinquents and persons in need of supervision, makes no provision for the youth who commits a single illegal act unless the offense would constitute a misdemeanor or felony if committed by an adult. (Family Ct. Act, § 712; Penal Law, § 10.00, subd. 6.)
Chief Judge Fuld and Judges Bubke, Sgileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, without costs, and the petition dismissed in a memorandum.