80 N.Y.2d 792 (1992)
In the Matter of Dwight M., a Person Alleged to be a Juvenile Delinquent, Appellant.
Court of Appeals of the State of New York.
Argued April 28, 1992.
Decided June 9, 1992.
Ardeth L. Houde, Law Guardian, for appellant.
Charles S. Turner, County Attorney (Ronald A. Case of counsel), for respondent.
O. Peter Sherwood, Corporation Counsel (Stephen J. McGrath and Kathleen Alberton of counsel), for Corporation Counsel of the City of New York, a Presentment Agency, amicus curiae.
Chief Judge WACHTLER and Judges SIMONS, KAYE, TITONE, HANCOCK, JR., and BELLACOSA concur.
*793 MEMORANDUM.
The order of the Appellate Division should be affirmed, without costs.
Appellant contends that it was improper for the Family Court to base his juvenile delinquency adjudication upon a finding that he had committed a lesser included crime (assault in the third degree) of the only crime charged in the petition (assault in the second degree). We disagree.
The Family Court has long been recognized as possessing *794 the authority to adjudicate a youth a juvenile delinquent based upon a finding that a lesser included crime, not specifically charged in the petition, has been committed (see, Matter of Raymond O., 31 N.Y.2d 730, 731). Appellant's contention that section 345.1 (2) of the Family Court Act dictates that a contrary result obtain today is unfounded. That section's requirement that a juvenile delinquency petition be dismissed if its allegations have not been established has been part of the Family Court Act since it was first adopted in 1962 (L 1962, ch 686, § 751). It, however, has never before been construed as precluding Family Court Judges from considering whether a respondent in a juvenile delinquency proceeding has committed a lesser included crime (see, Matter of Raymond O., supra [decided 10 years after the enactment of former section 751 of the Family Court Act]), and we can discern no reason why it should be so construed today.
Moreover, appellant's position is difficult to reconcile with section 321.2 of the Family Court Act. That provision specifically empowers Family Court Judges to accept admissions to lesser included crimes. As the Appellate Division aptly noted in its memorandum below, the Legislature could not have intended that Family Court Judges would lack the authority to base juvenile delinquency adjudications upon a finding that a lesser included crime, not charged in the petition, had been committed when it had specifically authorized Family Court Judges to accept admissions to such crimes.
We have examined appellant's remaining contention and find it to be unpreserved for our review.
Order affirmed, without costs, in a memorandum.