■ In the Matter of JOHN FF., a Person Alleged to be a Juvenile Delinquent, Appellant. SUSAN M. TATRO, as Albany County Attorney, Respondent. [600 NYS2d 381] —Yesawich Jr., J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered September 15, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

This juvenile deliquency proceeding was brought as a result of a fight between a group of youths and an adult that occurred on December 17, 1991 in the City of Albany. Respondent, then age 15, was alleged to have punched the victim several times about the face and head, acts which, if committed by an adult, would constitute the crime of assault in the third degree. Although the petition recited that respondent struck the victim "with intent to cause physical injury", it also identified the charged crime as being Penal Law § 120.00 (2), which deals with reckless, not intentional, conduct. When this discrepancy was brought to the attention of Family Court, the court informed respondent—without objection from petitioner—that he was charged under Penal Law § 120.00 (2). Respondent defended himself accordingly, and at the close of the fact-finding hearing Family Court found him guilty, not of assault, but of attempted assault; on that basis, he was adjudicated a juvenile delinquent. After a dispositional hearing, respondent was determined to be in need of supervision and placed on probation for one year.

The dispositional order must be reversed. Because one cannot attempt to commit a crime "predicated upon a reckless

act" *(People v McDavis,* 97 AD2d 302, 303; *see, People v Terry,* 104 AD2d 572, 573; *People v Williams,* 40 AD2d 1023, 1024), it is impossible to attempt to commit assault in the third degree as that crime is defined by Penal Law § 120.00 (2). As there is no such crime *(see, People v Campbell,* 72 NY2d 602, 605), the acts which respondent was found to have engaged in cannot be the basis for an adjudication of juvenile delinquency *(see, People v Martinez,* 81 NY2d 810, 811-812).

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.