OPINION OF THE COURT
James W. Morgan, J.
Before the court is the petition of the Utica City School District alleging that Lawrence T., born April 4, 1979, is a *1009 person in need of supervision (PINS) as defined in article 7 of the Family Court Act, by virtue of his alleged failure to attend school as required by part 1 of article 65 of the Education Law. Specifically, the petition alleges that respondent was illegally absent from school on 21 days between April 3, 1995 and May 12, 1995. On its own motion, the court has determined that this petition should be dismissed because respondent turned 16 on April 4, 1995, and all but one of the illegal absences occurred after that date.
Family Court Act § 712 (a), in relevant part, defines a " 'Person in need of supervision’ ” as "[a] male less than [16] years of age * * * who does not attend school in accord with the provisions of part one of article sixty-five of the education law”. Section 714 (a) states that for jurisdictional purposes, "the age of the respondent at the time the need for supervision allegedly arose is controlling”. Section 714 (b) requires that the petition be filed before the respondent’s eighteenth birthday.
It is well settled that to sustain a PINS petition which is based upon a failure to attend school, it must be shown that the respondent is an "habitual truant”; proof of an isolated incident of truancy is not sufficient. (Matter of Raymond O., 31 NY2d 730 [1972]; Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 712, at 19.) In the proceeding before the court, only one incident of truancy is alleged to have occurred before the respondent’s sixteenth birthday, and that incident occurred on the day before his sixteenth birthday. Therefore, respondent did not become an "habitual truant” until after he turned 16.
The court notes that section 3205 (1) (c) of the Education Law requires students to "remain in attendance until the last day of session in the school year in which the minor becomes sixteen years of age”. The statute further provides that in cities having a population of more than 4,500 and employing a superintendent of schools, the Board of Education may require minors who are not employed to attend school until the end of the school year in which the student becomes 17 years of age. Petitioner has provided the court with a copy of a resolution passed by the Utica School Board which adopts this mandate. It is clear that respondent was obligated to remain in school at least until completion of the 1994-1995 school year, and possibly until the end of the next school year (if he is and continues to be unemployed) by virtue of section 3205 and the School Board’s resolution. Petitioner argues that by adopting *1010 section 3205, the Legislature conferred jurisdiction upon Family Court to hear truancy cases which arose after the child reached the age of 16, but before the end of the school year in which said birthday occurred. While it is clear to this court that a "gap” does exist in the use of PINS petitions to enforce compulsory education after the child’s sixteenth birthday, it is also clear that such "gaps” must be dealt with by the Legislature, and not by Family Court, which is a statutory court whose jurisdiction and powers are derived from and limited by statute.
The court is also cognizant of the fact that section 712 of the Family Court Act has been ruled unconstitutional to the extent that it sets forth different ages for males and females. The courts have consistently applied the age of 16 to both males and females, in the absence of legislative action to amend. This court will not now change this consistently applied age limit. While the court recognizes that in applying the lower age it is indeed filling a "gap”, said "gap” was created by the Court of Appeals finding of unconstitutionality in Matter of Patricia A. (31 NY2d 83), and not by any act or failure to act on the part of the Legislature itself. Therefore, it is distinguishable from this court’s refusal to extend the PINS statute to cover truants who are over the age of 16 but who are still subject to compulsory education under the Education Law.
Accordingly, the petition filed by the Utica City School District is hereby dismissed with prejudice, for the reasons set forth above.