[632 NYS2d 274]

In the Matter of ROBERT Z., a Person Alleged to be a Juvenile Delinquent, Appellant. ROBERT A. SMITH, as Rensselaer County Attorney, Respondent.

Third Department, October 12, 1995

APPEARANCES OF COUNSEL

*Eugene P. Grimmick, Law Guardian,* Troy, for appellant.

*Robert A. Smith, County Attorney* of Rensselaer County, Troy *(Jude Brearton Mulvey* of counsel), for respondent.

OPINION OF THE COURT

CASEY, J.

It is the general rule that there must be more than a single isolated incident to support a finding that a juvenile is a person in need of supervision (hereinafter PINS) *(see, e.g., Matter of Raymond O.,* 31 NY2d 730). At issue in this appeal is whether the general rule is applicable to a PINS adjudication which resulted when respondent consented to the substitution of a PINS petition for a juvenile delinquency petition and admitted the factual allegations of the PINS petition, which were essentially the same as the facts alleged in the juvenile delinquency petition. We conclude that in the circumstances of this case, the general rule is inapplicable.

The original petition filed by the presentment agency alleged that respondent was a juvenile delinquent by reason of having engaged in certain specified conduct which, if engaged in by an adult, would constitute the crime of criminal mischief in the fourth degree, as defined in Penal Law § 145.00 (1). Based upon a negotiated agreement, both the presentment agency and respondent consented to a substitution of a PINS petition for the juvenile delinquency petition, pursuant to Family Court Act § 311.4 (1). The substituted PINS petition was based upon the same conduct as the juvenile delinquency petition. Respondent admitted the allegations of the petition and Family Court found that respondent was a PINS based upon the admission.

We begin by noting that respondent was represented by counsel and that respondent's consent to the substituted PINS petition and his admission of the allegations of the petition were based upon the advice and consent of counsel. We also note that the facts admitted by respondent were sufficient to sustain the juvenile delinquency petition, in that he admitted engaging in conduct which, if engaged in by an adult, would

have constituted criminal mischief in the fourth degree. Thus, by entering into a plea bargain which resulted in the substitution of a PINS petition for the juvenile delinquency petition, as permitted by Family Court Act § 311.4 (1), respondent gained certain advantages, including the preclusion of placement in a secure facility and the absence of a finding that a crime was committed (see, Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 311.4, at 346).

In effect, the procedure employed here was the functional equivalent of a plea to a lesser included offense (see, Besharov and Lichtiger, id., 1995 Pocket Part, at 106). The procedure was authorized by statute, and respondent and his attorney consented to the substitution of a PINS petition based upon the same facts as the juvenile delinquency petition in order to gain certain advantages. Inasmuch as the facts were sufficient to sustain the juvenile delinquency petition, we are of the view that the facts were also sufficient to sustain the PINS petition substituted for the juvenile delinquency petition pursuant to Family Court Act § 311.4 (1). We also note that respondent was already on probation when he engaged in the conduct which resulted in the juvenile delinquency petition for which the PINS petition was substituted. We conclude, therefore, that respondent's admission of the facts alleged in the PINS petition, which alleged the same conduct as the juvenile delinquency petition, is sufficient to sustain the PINS adjudication, which resulted when respondent and his attorney agreed to the substitution of a PINS petition for the juvenile delinquency petition, pursuant to Family Court Act § 311.4 (1).

CARDONA, P. J., MERCURE, CREW III and SPAIN, JJ., concur.

Ordered that the order is affirmed, without costs.