■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN GANTT, Appellant. [636 NYS2d 678] —Judgment unanimously affirmed *(see, People v Johnson,* 209 AD2d 987). (Appeal from Judgment of Monroe County Court, Egan, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.

■ In the Matter of THERESA C., a Person Alleged to be in Need of Supervision, Appellant. ERIE COUNTY DEPARTMENT OF LAW, Respondent. [636 NYS2d 249] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: Pursuant to Family Court Act § 311.4 (1), respondent agreed to the substitution of a petition alleging that she was a person in need of supervision for a juvenile delinquency petition charging her with an assault. Generally, there must be more than a single incident to support a determination that a child is a person in need of supervision *(see, Matter of Raymond O.,* 31 NY2d 730; *Matter of David W.,* 28 NY2d 589). In the circumstances of this case, however, where respondent consents to the substitution and admits the assault, the general rule is inapplicable *(see, Matter of Robert Z.,* 214 AD2d 203).

Although respondent's placement with the Division for Youth for 18 months may be an appropriate placement, the record contains no indication that any alternatives were considered by the court or that the placement is the least restrictive effective disposition that is best suited to meet respondent's needs *(see, Matter of Sandra XX.,* 169 AD2d 992; *cf., Matter of Timothy T.,* 216 AD2d 959). Thus, the matter must be remitted to Family Court for a dispositional hearing and factual findings.

We have reviewed the remaining contentions of respondent and conclude that they are without merit. (Appeal from Order of Niagara County Family Court, Crapsi, J.—Person In Need of Supervision.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.