■ In the Matter of JOSHUA J., a Person Alleged to be a Juvenile Delinquent, Appellant. ROBERT A. GROFF, JR., as Chemung County Assistant County Attorney, Respondent. [641 NYS2d 741] —Mercure, J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered December 6, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

We reject the contention that petitioner failed to establish beyond a reasonable doubt that respondent engaged in conduct which, if committed by an adult, would be a crime (Family Ct

Act § 342.2 [2]). At the fact-finding hearing, respondent's schoolmate, Matthew Burin, testified that he was with respondent and several other of their friends at the residence of Sarah DeSantis on the evening of May 20, 1994. At that time, he observed respondent damaging a bicycle by repeatedly "stomping" on it, bending the bicycle's frame and front and rear rims. Although the evidence established that Burin had first accused another youth of performing the act and Burin's testimony was contradicted by substantially every other person who was present on the scene, Family Court expressly credited Burin's testimony and rejected the contrary evidence, finding it to be incredible.

Fundamentally, Family Court serves as the trier of fact, and its credibility determinations are to be accorded great weight (*see, Matter of Tiffany H.*, 216 AD2d 738, 739; *Matter of Gaylord II.*, 106 AD2d 823, 824-825). Conferring the appropriate deference to Family Court's resolution of the conflicts in the hearing testimony and viewing the evidence in a light most favorable to petitioner (*see, supra*), we are constrained to conclude that the evidence established respondent's commission of conduct constituting the crime of criminal mischief in the fourth degree (*see,* Penal Law § 145.00 [1]) by the requisite standard of proof. We are similarly unpersuaded that Family Court abused its discretion in refusing to substitute a finding that respondent is a person in need of supervision for the finding of juvenile delinquency (*see,* Family Ct Act § 311.4).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.