█ In the Matter of KRISTIE II., a Person Alleged to be a Juvenile Delinquent, Appellant. WILLIAM H. BETTER, as Columbia County Attorney, Respondent. [676 NYS2d 249] —Carpinello, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered June 3, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was charged with committing an act which, if committed by an adult, would constitute assault in the third degree pursuant to Penal Law § 120.00 (1). The charge stems from allegations that respondent repeatedly struck her mother, pushed her against a wall and dragged her by the hair across a room. At the fact-finding hearing, respondent testified and admitted that she slapped, punched, pushed and dragged her mother during an altercation. In the absence of evidence that respondent's mother suffered a physical injury, Family Court found that petitioner had established, beyond a reasonable doubt, respondent's commission of the lesser included crime of attempted assault in the third degree. Following a dispositional hearing, respondent was adjudicated a juvenile delinquent and determined to be in need of supervision, treatment and confinement. She was placed in the custody of the State Division for Youth for a one-year period expiring June 3, 1998. Respondent now appeals.

We affirm. Family Court was clearly authorized to adjudicate respondent a juvenile delinquent based upon a finding that the lesser included offense of attempted assault in the third degree had been committed by her (*see, Matter of Dwight M.*, 80 NY2d 792). Moreover, attempted assault in the third degree is a

lesser included offense of assault in the third degree pursuant to Penal Law § 120.00 (1) (*see, Matter of Marcel F.*, 233 AD2d 442; *cf., Matter of John FF.*, 195 AD2d 807). Here, respondent's intent to cause physical injury can be inferred from her acts of repeatedly punching her mother, as well as pushing and dragging her. The absence of proof of an actual physical injury does not preclude a finding that respondent attempted to inflict such injury.

Respondent also challenges so much of Family Court's order of disposition as placed her with the Division for Youth. This order, however, expired on June 3, 1998, thereby rendering this particular issue moot (*see, e.g., Matter of Anthony G.*, 247 AD2d 792; *Matter of Donald MM.*, 241 AD2d 634). In any event, we are unpersuaded that Family Court abused its discretion in determining that placement with the Division for Youth was the least restrictive available alternative consistent with respondent's needs and best interest and the need to protect the community (*see*, Family Ct Act § 352.2 [2] [a]).

Cardona, P. J., White, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.