■ In the Matter of DOWAYNE H., a Person Alleged to be a Juvenile Delinquent, Appellant. MICHAEL LYNCH, as Albany County Attorney, Respondent. [718 NYS2d 112] —Rose, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered February 22, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Petitioner commenced this proceeding charging that respondent committed acts which, if committed by an adult, would constitute the crimes of attempted assault in the third degree and menacing in the second degree. At an ensuing fact-finding hearing, the 14-year-old victim testified that, on September 24, 1999, respondent and two female companions, his girlfriend and the girlfriend's sister, struck her and, as a result, she suffered injuries to her head and neck. The victim also testified that later the same morning, respondent approached her, displayed a knife and threatened her and her family with physical violence. Family Court received in evidence a photocopy of a sworn statement in which respondent related that his girlfriend's sister struck the victim after he told her to "go beat [the victim's] ass." In addition to denying that he struck the victim, respondent testified that he had made this remark to the sister in jest on a prior occasion and had confused the two incidents in his written statement. His girlfriend testified that her sister had struck the victim and that respondent never did so. Crediting the victim's testimony and discounting that of respondent and his girlfriend, Family Court sustained petitioner's allegations. Following a dispositional hearing, Family Court ordered respondent's placement with the Office of Children and Family Services (hereinafter OCF) for an initial period of 12 months. Respondent appeals.

We affirm. While the best evidence rule was applicable to the photocopy of respondent's written statement because, contrary to petitioner's contention, the statement was offered to prove that respondent encouraged his girlfriend's sister to assault the victim on September 24, 1999 rather than on a prior occasion (*see, e.g.*, *Schozer v William Penn Life Ins. Co.*, 84 NY2d 639), Family Court neither based its determination on the contents of the statement nor found that respondent made the remark to the sister on the day in question. Thus, admission of the statement was harmless error not warranting a reversal (*see, People v Crimmins*, 36 NY2d 230, 241).

We also reject respondent's contention that the evidence was insufficient to establish that he committed acts that would constitute the offense of attempted assault in the third degree. Although he contends that there was no proof that his conduct, rather than that of his companions, caused the injuries sustained by the victim, or that he acted with intent to cause physical injury, Family Court recognized that the victim's injuries could not be attributed to respondent, due to the attack by two other people, and sustained only the lesser included offense of attempted assault in the third degree. The requisite proof of respondent's intent to cause physical injury to the victim was reasonably inferred from his act of hitting her in the face (*see, People v Bracey*, 41 NY2d 296, 301; *see, Matter of Kristie II.*, 252 AD2d 807, 808).

Similarly, it appears that Family Court has given the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495). The victim identified respondent as the person who assaulted and threatened her, and indicated that she was familiar with respondent prior to the incident. The only testimony countering the victim's account was that of respondent and his girlfriend. The inconsistencies among the witnesses' testimonies did not render the victim's testimony incredible as a matter of law or otherwise preclude this Court from deferring to Family Court's credibility assessments.

We have considered respondent's other contentions and find them to be without merit with the exception of his assertion that Family Court failed to specify the type of facility in which he is to be placed. Despite petitioner's argument that such specification is not necessary, we find that Family Court Act § 353.3 (3) requires Family Court, when placing a respondent with the Division for Youth,* to specify one of the enumerated settings for such placement. Therefore, we remit to that court for clarification of its order (*see, Matter of Demitris O.*, 191 AD2d 909, 910).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.

* OCF was formerly the Division for Youth (*see, Matter of Michael OO.*, 269 AD2d 633).