Matter of Coty M. (2004 NY Slip Op 50319(U))

[*1]

Matter of Coty M.

2004 NY Slip Op 50319(U)

Decided on April 26, 2004

Family Court, Albany County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 26, 2004

Family Court, Albany County
In the Matter of Coty M., RESPONDENT, a Person alleged to be a Juvenile Delinquent.*
DOCKET No. D135503

FOR PETITIONER: Darius Shahinfar, Esq., ACA. FOR RESPONDENT: John J. Doherty, Esq.

W. Dennis Duggan, J.
The issue in this case is whether the Court may consider uncharged lesser included offenses in a juvenile delinquency proceeding. After a hearing, the Court found that the Respondent (with two adult male accomplices) engaged in multiple acts of forcible oral, vaginal and anal intercourse with a fourteen year old female. One particularly revolting episode of forced sex involved the Respondent lubricating his penis with beer before forcing it into the victim's anus. These criminal acts, if done by an adult, would constitute the felonies of rape and sodomy in the first degree, both Class B felonies.
* Edited for publication.
However, the Respondent was not charged with forcible rape or sodomy and can not be found guilty of those crimes as there is no such thing in the law as a "greater included offense". Only the Class E felonies of rape and sodomy in the third degree (PL §§130.25[1] and 130.40[1]) were charged in the petition. Those sections read as follows:
A person is guilty of Sodomy [or rape] in the third degree when:
1.He or she engages in deviate sexual intercourse [or for rape, sexual intercourse] with a person who is incapable of consent by reason of some factor other than being less than seventeen years old. [emphasis added]
It is not clear why the Presentment Agency declined to charge the Respondent with forcible rape or even "date rape" under subsection 3 of the sections cited above, but it did not. However, an examination of the statutory framework in this area will be helpful to determine the Respondent's actual legal culpability and whether the consideration of a lesser included offense is (1) authorized and (2) warranted.
First, PL §130.05 states that all sex offenses (except for consensual sodomy) have the lack of consent as an element. In other words, unwanted sex is an offense. Sex is unwanted in three essential circumstances: (1) when it is forced (2) when the victim does not have the capacity to consent and (3) when the victim says "no". (Sexual abuse [P.L. §130.55] can also occur when the [*2]sexual contact is not specifically or impliedly invited, e.g. subway fondling.) A victim is deemed to be incapable of consent when he or she is less than seventeen years old, mentally disabled, mentally incapacitated, physically helpless, is in under State confinement or is a patient of a mental health care provider.
Under the circumstances of this case, the victim is incapable of consent because she is less than seventeen years old. However, age is the one circumstance excluded from the two counts that have been charged in the petition. Accordingly, the Respondent cannot be found guilty of those sections unless one of the other factors exist, i.e. mental incapacity, physical helplessness or State confinement. Clearly, none of those circumstances was pled, proven or even claimed to exist in this case.
However, that does not exhaust the inquiry. Lack of consent can also result where the victim clearly expressed that she did not consent and the actor should have understood the victim's objections—that is, "no means no". However, even though the victim clearly objected and did not consent to the sexual acts to which she was subjected (indeed she was forced), PL§130.05 (2)(d)—the date rape definition—only applies where the crime charged is subdivision 3 of PL §130.40 or §130.25. But, as noted, the petition does not charge date rape for either of the counts in the petition and none of the other "incapable of consent" provisions apply to this case. This is fatal to the specific crimes charged. The Court is not authorized to substitute one crime for another of equal gravity because the Legislature did not authorize it and the Constitution would prohibit such a violation of due process notice requirements. There is no such thing in the law as an "equal included offense."
Although the facts proven in this case would have supported a finding of guilt of rape and sodomy in the first degree, and of subsections 3 of rape and sodomy in the third degree (date rape), for the reasons stated above the Respondent can not be found guilty of those crimes. Simply put, these crimes were not charged. However, the Court still must inquire whether it can or should consider any lesser included offense.
In a criminal trial, the court would be required to submit to a jury, if requested, any lesser included offense supported by a reasonable view of the evidence (CPL §300.50[1] and §320.20[5]). A lesser included offense is defined in CPL §1.20(37) to be a crime of a lesser grade that is committed as a matter of course whenever a greater crime is committed.
In this case, the Court first must determine if is has the authority to consider a lesser included offense in a juvenile delinquency proceeding. In this regard, the provisions of the Criminal Law may not be applied because FCA §303.01 prohibits that use unless specifically authorized. Article 3 of the Family Court Act is silent on the subject of the consideration of lesser included offenses at trial. Further, FCA §345.1, read plainly, would appear to prohibit the consideration of a lesser included offense. That section provides:

1.If the allegations of a petition or specific counts of a petition concerning the commission of a crime or crimes are established, the Court shall enter an appropriate order . . . The order shall specify the count or counts of the petition upon which such order is based and the section or sections of the penal law under which the act or acts so stated would constitute a crime if committed by an adult.
[*3]
2.If the allegations of a petition or specific counts of a petition under this article are not established, the court shall enter an order dismissing the petition.
No amount of reading these lines (or between these lines) could lead a person to objectively conclude that the Legislature has authorized the consideration of lesser included offenses that are not specifically charged in the petition.
The Penal Law went into effect in 1967, and the Criminal Procedure Law in 1971. Article 3 of the Family Court Act, governing juvenile delinquency proceedings, was passed in 1983, as part of an overhaul of the original 1962 laws that treated PINS and JD proceedings together. The earlier passed criminal laws are replete with sections treating the subject of lesser included offenses. The Family Court Act has just one, involving pleas. This is some evidence that the Legislature was declining to authorize the consideration of lesser offenses at trial in juvenile delinquency proceedings.[FN1]
However, the Court of Appeals has looked at this issue, in Matter of Dwight M. (80 NY 2d 792 [1992]), and determined that the Family Court does have authority to consider lesser included offenses. However, where that authority comes from is not clear. In Dwight M., the Court starts and finishes its analysis by citing Matter of Raymond O. (31 NY2d 730 [1972]) to support the proposition that "the Family Court has long been recognized as possessing the authority to adjudicate a youth a juvenile delinquent based upon a finding that a lesser included crime, not specifically charged in the petition, has been committed." (Dwight M., at 793) However, the holding in Raymond O. involved a PINS petition where the Court held that a single act of criminal trespass would not support a PINS finding. In passing dicta, the Court stated: "We note that it is permissible for the Family Court, where the circumstances warrant, to find that a respondent has committed a lesser crime included within the crime shown." (Raymond O., at 731) Why this is permissible is not stated. This decision was issued ten years prior to the law reorganizing juvenile delinquency proceedings. Had the Legislature wished to adopt this Raymond O. dicta, it could have easily done so.[FN2] However, legislative intent in this area is difficult to determine because the Raymond O. Court was not interpreting any statutory provision and just decreed that proposition of law into existence. Of course, there is the statutory rule of construction that holds that when the legislature amends a law and does not change some part of it, the legislature is adopting, by implication, all the interpretive gloss put on that section by the Courts. That rule works well when the Court has drawn a bright line under a specific section of law. However, the influence does not flow naturally when an interpretation consists of dicta twice removed.
[*4]
Dwight M. makes one additional argument to support its holding. The Court notes that since §321.2 permits the Court to accept a plea to a lesser included offense, it must surely be allowed to make such a finding after trial. However, just the opposite conclusion can also be maintained, which would be more in accord with the rules of statutory construction. That is, had the Legislature wished to give the Court such authority for verdicts as it did in pleas, it would have done so specifically. In any event, despite the questionable holding in Dwight M., it is binding on a trial court.
Having concluded that the trial court has been given the authority to consider a lesser included offense, the Court must then determine if there are any lesser included offenses to consider. To determine if one offense is the lesser included of another offense, one must apply the two part test set forth in People v. Glover (57 NY 2d 61). First, it must be shown that under any circumstances, it is impossible to commit the greater crime without also committing the lesser offense. Second, the defendant must then show that there is a reasonable view of the evidence that would support a finding that he committed the lesser offense but not the greater.
Clearly, for both crimes charged (PL §130.25[1] and §130.40[1]), every conceivable way to commit those crimes involves a lack of consent of some sort. This is because PL §130.05(1) states: "Whether or not specifically stated, it is an element of every [sex] offense that the sexual act was committed without the consent of the victim." As noted earlier, the lack of consent can come from forcible compulsion, an incapacity to consent or declaring "no". Lack of consent is the only element of the lesser crime of sexual misconduct. Therefore, sexual misconduct, in theory, is a lesser included offense of the crimes charged, subsection 1 of rape and sodomy in the third degree. This becomes clear when presented in chart form. To determine if it is impossible to commit the greater crime without also committing the lesser, one must look at all of the elements of the greater crime. If there is a one to one correspondence between every element of the greater and some element of the lesser offense then the latter is a lesser included offense of the former, as defined by law.

 Elements of Elements of Sodomy in the Third Degree Sexual Misconduct
 (Class E Felony) (A Misdemeanor)
1.Act of Deviate Sexual Intercourse, and 1. Act of Deviate Sexual Intercourse,
and
2.Incapacity to Consent because of2. Lack of consent because of
Mentally disabled2.1Forcible Compulsion by
orphysical force or
Mentally incapacitatedor
orThreat
Physically helplessor
or2.2Incapacity to consent because of
In State custody being
[*5]
Mentally disabled
A patientor
Mentally incapacitated
or
Physically helpless
 or
In State custody or
A patient
 or
Less than 17As one can see from this chart, there is a one to one correspondence between every element of Sodomy in the Third Degree and every essential element of sexual misconduct. Since every element of this greater crime is also an element of the lesser crime of sexual misconduct, it is impossible to commit the greater crime without also committing that lesser included offense.
To determine if a lesser included offense should be considered, the second prong of the Glover test must be considered. That requires a determination of whether there is a reasonable view of the evidence that the actor committed the lesser but not the greater crime,(See, People v. Torres, 120 AD2d 553 [1986]). In this case, there is no dispute on this point.
While the FCA does not authorize the incorporation of the C.P.L., its provisions are helpful guideposts to analyze analogous juvenile delinquency procedures. CPL §300.5 provides that the Court may, in its discretion, submit a lesser included offense when the Glover test is met. If both prongs of the test are met and either the prosecutor or the defendant request a charge on the lesser included offense, it must do so. The question to be answered here is, when should the Court exercise its sua sponte discretion when neither party has requested that a lesser included offense be considered?
CPL §300.10(4) requires that the parties be informed of the charges that are to be considered, prior to summations. The parties are also permitted to submit requests to charge. (CPL §300.10[5]) As noted earlier, the Family Court Act provides that "the provisions of the criminal procedure law shall not apply. . ." (emphasis added) unless specifically prescribed. This would mean that, unless the Family Court adopted all of the provisions of the Criminal Procedure Law, which it is prohibited from doing, a defendant charged in this case as an adult, in his criminal trial, will have heightened due process notice rights when compared with the Respondent in this case. All of this points to the problems of considering lesser included offenses in juvenile cases without specific guidance from the Legislature. This problem is heightened when confronted with FCA §301.1, which states that the purpose of Article 3 of the Family Court Act "is to establish procedures in accordance with due process of law."
As a general observation, juvenile delinquency petitions are tried with less formality than felony indictments. In a typical criminal trial, both the prosecutor and the defendant may engage in certain tactical or strategic trial strategies to either bring into play or to avoid a lesser included offense charge to the jury. For example, a defendant may feel confident of the presence of reasonable doubt and, wanting to go for broke, may not want to offer the jury a chance to render a compromised verdict on a lesser offense. For opposite reasons, the prosecutor may desire a lesser [*6]included offense charge. In this case, it is clear that neither the Presentment Agency nor the Respondent ever considered the impact of a lesser included offense. One reason for this is that unlike the Criminal Procedure Law, the Family Court Act does not require the Court to inform the Respondent in advance of what charges it will be considering. This presents two pitfalls. First, the parties have no chance to preserve for the record their position on the issue. Second, it does not give either party an opportunity to formulate relevant arguments to the Court in their summations. From this point of view, the Court's sua sponte consideration of a lesser included offense is contrary to the spirit and letter of §301.1, which states that one of the purposes of Article 3 is to "establish procedures in accordance with due process of law."
However, despite all of this Court's misgivings about considering an unnoticed lesser included offense, in the sound exercise of its discretion, it will. As noted in the fact finding portion of this decision, the facts of this case support a finding of both rape and sodomy in the first degree. Further, both sides took the approach that this was a lack of consent case—not an incapability of consent case. The Respondent defended this case from the point of view that the victim consented to the sexual acts. Therefore, he is not prejudiced by the Court considering a lesser included offense which has a lack of consent as an essential (and only disputed) element. Having previously concluded that sexual misconduct is a lesser included offense of both rape and sodomy in the third degree, the Court's separate findings of fact support the conclusion that the Respondent has committed acts, which if done by an adult, would constitute these lesser crimes of sexual misconduct, two counts.
This constitutes the decision and order of the Court.
[Portions of opinion omitted for purposes of publication.]
DATE: April 26, 2004
ENTER:
 
 HON. W. DENNIS DUGGAN, J.F.C.
Decision Date: April 26, 2004
Footnotes

Footnote 1:"Implications from Legislative silence: A Court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended." Statutes §74.

Footnote 2:Construction of Amendments: Generally: "The intention of the Legislature, which is the primary consideration in the construction of amendments, is determined from the language of the statute or from extrinsic aids." Statutes §191.