In the Matter of MICHAEL OO., a Person Alleged to be a Juvenile Delinquent. BRIAN DE LA FLEUR, as Assistant County Attorney of Schenectady County, Respondent; MICHAEL OO., Appellant. [830 NYS2d 390]—

Lahtinen, J. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered June 5, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In September 2005, a juvenile delinquency petition was filed against respondent (born in 1994) in Jefferson County based on his alleged act of subjecting another child (born in 1998) to sexual contact. The fact-finding part of the proceeding was resolved in Jefferson County Family Court (Hunt, J.) when respondent admitted to acts that constituted endangering the welfare of a child (*see* Family Ct Act § 342.2). Thereafter, respondent's family moved to Schenectady County and the matter was transferred to that county for disposition (*see* Family Ct Act § 302.3 [4]). At the dispositional hearing, petitioner and respondent reached a proposed resolution of substituting a person in need of supervision (hereinafter PINS) finding for the juvenile delinquency finding (*see* Family Ct Act § 311.4), and placing

respondent on probation (*see* Family Ct Act § 757; 22 NYCRR 205.66). Family Court (Assini, J.) concluded that the court had no authority to consider such a disposition because respondent had admitted to a juvenile delinquency petition before a different judge in another county. A hearing ensued, after which Family Court ordered respondent, as a juvenile delinquent, to be placed on probation for one year (*see* Family Ct Act § 353.2). Respondent appeals.

Initially, we note that an adjudication of juvenile delinquency is made only *after* a finding at the dispositional hearing that respondent requires supervision, treatment or confinement (*see* Family Ct Act § 352.1). Moreover, a court that is considering the dispositional component of a juvenile delinquency proceeding has the discretion in an appropriate case to substitute a PINS finding for the finding of juvenile delinquency (*see* Family Ct Act § 311.4 [2]; Besharov and Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 311.4; *cf. Matter of Robert Z.*, 214 AD2d 203, 204-205 [1995], *lv denied* 87 NY2d 808 [1996]). The fact that a proceeding is transferred pursuant to Family Ct Act § 302.3 (4) does not deprive the court to which the matter is transferred of this power. Here, Family Court incorrectly concluded that it had no authority to consider the PINS finding urged by both respondent and petitioner. We conclude that the order must thus be reversed and the matter remitted to Family Court so that it can address whether the substitution of a PINS finding is appropriate. We note that such a finding would not necessarily negate those aspects of probation important to facilitating respondent's rehabilitation (*see* Family Ct Act § 757; 22 NYCRR 205.66). The new proceedings directed herein should be conducted expeditiously. The remaining issues are academic.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.