Matter of Ricky A. (2008 NY Slip Op 50036(U))

[*1]

Matter of Ricky A.

2008 NY Slip Op 50036(U) [18 Misc 3d 1116(A)]

Decided on January 3, 2008

Family Court, Clinton County

Lawliss, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 3, 2008

Family Court, Clinton County
In the Matter of Ricky
A., A Person Alleged to be a Juvenile Delinquent, Respondent.
D-01570-07

Omshanti Parnes, Esq., - law guardian for Respondent
Meredith Neverett, Esq., - counsel for Respondent's mother

Timothy J. Lawliss, J.
On October 18, 2007, the Court conducted a fact-finding hearing in the above referenced
matter. Based upon the voluntary admissions made by respondent, the Court found that in the late
night of June 26, 2007 or early morning of June 27, 2007, the respondent entered a building with
the intent to commit a crime located at the Plattsburgh High School in Plattsburgh, New York.
Said acts if committed by an adult would constitute the crime of Burglary in the Third Degree as
defined by Section 140.20 of the Penal Law.
On November 28, 2007, the Court conducted a dispositional hearing in this matter. At the
close of evidence in the dispositional hearing, the Law Guardian moved pursuant to Family Court
Act § 311.4(2) for an order from the Court substituting a finding that the respondent is a
person in need of supervision for a finding that the respondent is a juvenile delinquent.[FN1] For the [*2]reasons stated below, the Court hereby denies the Law Guardian's
motion.
The decision as to whether or not a substitute finding should be made is left to the discretion
of the trial court. Of course, no discretion is completely unfettered, (see, Matter of Devon
R., 278 AD2d 15, 717 NYS2d 145 [1st Dept 2000](reversing trial court for improvidently
exercising its discretion in declining to substitute a PINS finding for a juvenile delinquency
adjudication)). Accordingly, the Court has looked for guidance in the exercise of its discretion.
The statute itself provides no guidance as to what factors the Court should consider. The
Court has identified no legislative history which provides any guidance. Thus, the Court turns to
case law. Unfortunately, the guidance provided by the case law is also quite thin.
In Michael OO., 37 AD3d 1002, 830 NYS2d 390 [3d Dept 2007], the trial court
neglected to even consider the merits of the motion for substituted findings due to procedural
reasons which the appellate court found to be invalid. In remanding the matter to the trial court
for further consideration of the motion, the Third Department stated "we note that such a finding
would not necessarily negate those aspects of probation important to facilitating respondent's
rehabilitation. (see, Family Court Act § 757; 22 NYCRR 205.66)." It appears that in
making this notation, the appellate court is merely noting that probation is a permissible
disposition for both a juvenile delinquent and a person in need of supervision. A review of the
specific sections cited do not provide this Court with any further guidance as to what factors
should be considered.
In Joshua J., 227 AD2d 707, 641 NYS2d 741 [3d Dept 1996], the court states "we
are similarly unpersuaded that the Family Court abused its discretion in refusing to substitute a
finding that the respondent is a person in need of supervision for a finding of juvenile
delinquency ... (citation omitted)". Unfortunately, the court provided no explanation as to why it
was unpersuaded.
In Rosemary R., 29 AD3d 309, 813 NYS2d 300 [1st Dept 2006], the appellate court
concluded that the trial court properly adjudicated the child a juvenile delinquent rather than a
person in need of supervision. In doing so, the Court stated as its basis, such factors as the violent
nature of the underlying incident, misbehavior at home, truancy, substance abuse problems and
association with violent gangs. It does not appear that the First Department intended these facts
to be a complete list of the factors that the trial court should consider, but this language does
provide this Court with some guidance.
[*3]
In Devin R., 278 AD2d 15, 717 NYS2d 145 [1st
Dept 2000], the court found that it was appropriate to substitute a PINS finding for a juvenile
delinquency finding. The court based its decision upon "the unusual circumstances of this case,
which involve an eight year old child in need of psychiatric treatment ..." Unfortunately, the mere
fact that an eight year old needs psychiatric treatment is not unusual in Family Court. In
reviewing the remainder of the short decision, the Court notes that Devin R. involved
acts which if committed by an adult would constitute two counts of Sodomy in the First Degree.
No other facts are identified in the decision to explain what the Court found to be unusual
circumstances.
In the instant matter the respondent was arrested four times between May and August of
2007. These arrests include three counts of burglary; two counts of petit larceny; one count of
grand larceny in the fourth degree; one count of criminal possession of stolen property in the fifth
degree; one count of criminal mischief in the fourth degree; and disorderly conduct. The instant
petition is the only petition that has been filed in the Clinton County Family Court alleging that
the Respondent is a juvenile delinquent. In addition, in 2004, the respondent was referred to
PINS Diversion based upon allegations that he was engaging in physical altercations with other
students and being disrespectful to school staff.
The May 2007 arrest included allegations that respondent instigated an altercation with
another person during a baseball game in a public park located in Plattsburgh, New York. After
they were asked to leave due to their inappropriate language in front of families and children, the
combatents went to a nearby basketball court where they kicked over trash barrels and continued
to yell profanities. When they were again asked to leave, a physical altercation broke out between
the respondent's companion and an adult. When the respondent was placed in a patrol car, he
became combative with the police officers and broke the driver's side door handle.
With respect to school, in addition to the PINS referral referenced above, the Court notes that
during the 2006-07 school year, the respondent received eleven disciplinary referrals and was
eventually suspended. After his suspension, Ricky received home tutoring pending a placement
at Champlain Valley Educational Services. At school, Ricky has been described as both pleasant
and uncooperative and resistant. The respondent's most current individualized education plan
(IEP) was created on May 31, 2007 and provided that the respondent should attend school
full-time at Champlain Valley Educational Services in an 8:1:1 setting and receive additional
counseling twice per week and group counseling once per week. The respondent is below his
grade level in all areas. Since the beginning of this school year, the respondent has been absent
on thirteen occasions, two of which were a result of an out of school suspension for leaving
school grounds without permission.
The respondent has been hospitalized in an adolescent mental health unit on four different
occasions within the last two years. He has also received counseling at the Clinton County
Mental Health Clinic since February of 2007, but due to non-compliance he is in danger of being
discharged.
In addition to the respondent's problems outside of the home, it appears that there are [*4]problems within his home. In the pre-dispositional report, the
respondent's mother is noted as claiming "she does not know what to do with Ricky anymore."
Respondent's mother is living with a gentleman who she describes as "difficult to live with" and
acknowledges that they often argue. Respondent feels that his mother's boyfriend does not treat
his mother well.
In support of her motion, the Law Guardian advances only one argument. Specifically, if the
court were to substitute a PINS finding for a juvenile delinquency adjudication, the court would
have the authority to issue an Order of Protection directed towards the respondent's mother. (See,
Fam. Ct. Act § 759). An Order of Protection directed towards the respondent's mother is
not an available option with a juvenile delinquency adjudication. The Law Guardian argues that
many of the respondent's problems are the result of lack of support by his mother and that a court
order directed towards his mother is important for the respondent's success.
The Court rejects this argument for two reasons. First, given the respondent's history, the
Court finds that a juvenile delinquency adjudication is more appropriate than a PINS finding.
Second, if the respondent's mother is failing to adequately supervise the respondent, a proceeding
under Family Court Act Article 10 could be commenced against the respondent's mother and
orders issued in that proceeding to serve the respondent's best interest. Since apparently, the
Clinton County Department of Social Services and the Law Guardian may have different views
as to whether or not the respondent's mother is in fact neglecting the respondent, the Court will
authorize the Law Guardian to file an Article 10 petition pursuant to Family Court Act §
1032(b).
ACCORDINGLY, IT IS HEREBY
ORDERED, that the Respondent's motion for a substituted finding pursuant to
FCA § 311.4(2) is hereby DENIED; and it is further
ORDERED, that pursuant to FCA § 1032(b), the Law Guardian is hereby
authorized to file a neglect petition against either one or both of the respondent's parents and/or
other persons legally responsible for the respondent's care; and it is further
ORDERED, all parties shall take notice that: pursuant to section
1113 of the Family Court Act, an appeal must be taken within thirty days of receipt of the order
by appellant in court, thirty-five days from the mailing of the order to the appellant by the clerk
of the court, or thirty days after service by a party or law guardian upon the appellant, whichever
is earliest.
SO ORDEREDENTER
Dated:Plattsburgh, New York
January 3, 2008
Hon. Timothy J. Lawliss
Judge of the Family Court
Footnotes

Footnote 1:Technically, the Law Guardian's
motion was premature. FCA § 311.4 speaks of substituting a finding that a respondent is a
person in need of supervision for a finding that the respondent is a juvenile delinquent. The logic
of that language requires that the respondent be found to be a juvenile delinquent prior to the
respondent can make the motion. In this case, at the time of the law guardian's motion, there was
no finding that the respondent is juvenile delinquent. Further, an adjudication that one is a
juvenile delinquent can only be made after a finding after the dispositional hearing that the
respondent requires supervision, treatment or confinement. (See, FCA § 352.1 and
Michael OO., 37 AD3d 1002, 830 NYS2d 390 [3d Dept 2007]). Since this Court has yet
to make a finding that the respondent requires supervision, treatment or confinement, it could not
possibly find the respondent to be a juvenile delinquent. Thus, since the Court has not yet found
the respondent to be a juvenile delinquent, it cannot find that a substitution of findings is
appropriate. Nevertheless, the Court is addressing the Law Guardian's motion on its merits
because based upon the prior findings of fact and the evidence presented at the dispositional
hearing, the Court concludes that the respondent does in fact need supervision, treatment or
confinement.