# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**489**
**CAF 11-02152**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF SHAWN D.R.-S.,
RESPONDENT-APPELLANT.
--------------------------------                    MEMORANDUM AND ORDER
WAYNE COUNTY ATTORNEY,
PETITIONER-RESPONDENT.
(APPEAL NO. 1.)

---

ROBERT A. DINIERI, ATTORNEY FOR THE CHILD, CLYDE, FOR
RESPONDENT-APPELLANT.

DANIEL M. WYNER, COUNTY ATTORNEY, LYONS (KATHLEEN H. POHL OF COUNSEL),
FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Wayne County (Dennis M. Kehoe, J.), entered September 13, 2011 in a proceeding pursuant to Family Court Act article 3. The order, among other things, adjudicated respondent to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the provision adjudicating respondent a juvenile delinquent based upon the finding that he committed an act that, if committed by an adult, would constitute the crime of assault in the third degree and substituting therefore a provision adjudicating respondent a juvenile delinquent based upon a finding that he committed an act that, if committed by an adult, would constitute the crime of attempted assault in the third degree, and as modified the order is affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed an act that, if committed by an adult, would constitute the crime of assault in the third degree (Penal Law § 120.00 [1]). Respondent waived a dispositional hearing and consented to placement in the custody of the New York State Office of Children and Family Services for a period of one year. We agree with respondent that the evidence is legally insufficient to establish that the victim sustained physical injury, i.e., "impairment of physical condition or substantial pain" (§ 10.00 [9]; § 120.00 [1]; *see Matter of Philip A.*, 49 NY2d 198, 200). Viewed in the light most favorable to the presentment agency, the evidence establishes that respondent and another individual hit the victim several times in the face and back of the head, causing him to suffer three minor cuts on his face, swelling on his nose and behind his ear

and a red bruise on his neck (*see Philip A.*, 49 NY2d at 200; *People v Patterson*, 192 AD2d 1083). The victim testified at the fact-finding hearing that the injuries did not hurt and, although he sought medical attention approximately three hours after the incident, there is no evidence that he needed stitches, that he was prescribed pain medication or that he received any further treatment (*see Matter of Jonathan S.*, 55 AD3d 1324, 1325; *People v Richmond*, 36 AD3d 721, 722; *People v Green*, 145 AD2d 929, 931). In addition, neither the victim nor his mother testified that the victim had any lingering pain or scarring in the days following the incident (*cf. Matter of Nico S.C.*, 70 AD3d 1474, 1475; *People v Smith*, 45 AD3d 1483, 1483, *lv denied* 10 NY3d 771; *People v Wooden*, 275 AD2d 935, 936, *lv denied* 96 NY2d 740).

We agree with the presentment agency, however, that the acts proved would, if committed by an adult, constitute the lesser included offense of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]; *see Matter of Kristie II.*, 252 AD2d 807, 807-808; *see generally Matter of Dwight M.*, 80 NY2d 792, 793-794). "The absence of proof of an actual physical injury does not preclude a finding that respondent attempted to inflict such injury" (*Kristie II.*, 252 AD2d at 808; *see also People v Lewis*, 294 AD2d 847, 847) and, here, respondent's intent to cause physical injury can be inferred from his act of repeatedly punching the victim in the head with a closed fist (*see Matter of Dowayne H.*, 278 AD2d 706, 707; *Kristie II.*, 252 AD2d at 808). We therefore modify the order by vacating the provision adjudicating respondent a juvenile delinquent based upon the finding that he committed an act that, if committed by an adult, would constitute the crime of assault in the third degree and substituting therefore a provision adjudicating respondent a juvenile delinquent based upon a finding that he committed an act that, if committed by an adult, would constitute the crime of attempted assault in the third degree (*see generally Matter of Shourik D.*, 65 AD3d 1042, 1043-1044; *Matter of William A.*, 4 AD3d 647, 649-650; *Matter of Phoenix G.*, 265 AD2d 554, 554-555). In light of our determination, we do not address respondent's remaining contentions.

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court