■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE A. DORSEY, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 10, 1983, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

Defendant and another individual, Keith Horton, were each indicted and charged with two counts of second degree robbery. The victim testified that he met defendant at about 11:00 P.M. on August 26, 1982 at a bar in the City of Albany. They then met Horton and ultimately walked toward an apartment that the victim was considering renting from defendant's cousin. The victim testified that while walking through an alley on the way to the apartment, Horton assaulted him and took $27, a watch and a wristband from him while defendant stood by. Defendant and Horton were jointly tried and the jury found each guilty of two counts of second degree robbery. Defendant was sentenced to two concurrent indeterminate terms of imprisonment of 4 to 12 years.

Defendant contends that there was insufficient evidence to convict him of either count of second degree robbery. The first count charged robbery in the second degree in violation of Penal Law § 160.10 (1), which provides that:

"A person is guilty of robbery in the second degree when he forcibly steals property and when:

"1. He is aided by another person actually present". Defendant contends that the victim's testimony establishes that it was Horton who struck him and took his possessions while defendant simply looked on. There was no testimony that defendant helped or encouraged Horton. In our view, there was sufficient evidence of accessorial conduct to present a question of fact for the jury. A person is liable for the conduct of another when, "acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct" (Penal Law § 20.00). Here, it was defendant who *or*chestrated the trip through the alley. Also, while defendant did not actually touch the victim, he stood directly behind him during the assault, thus discouraging escape or resistance.

Thus, there was sufficient evidence of accessorial conduct such that defendant was liable for Horton's conduct. Further, since defendant was aided by another person actually present, i.e., Horton, the conviction based on Penal Law § 160.10 (1) must stand.

The second count charged robbery in the second degree in violation of Penal Law § 160.10 (2) (a), which provides that:

"A person is guilty of robbery in the second degree when he forcibly steals property and when * * *

"2. In the course of the commission of the crime * * * he or another participant in the crime:

"(a) Causes physical injury to any person who is not a participant in the crime". As discussed above, there is sufficient evidence for the jury to have concluded that defendant was criminally liable for the conduct of Horton. The question is whether the People proved that the victim suffered physical injury. Physical injury means "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Here, the victim testified that he suffered a bruise on his face. No testimony was elicited regarding whether he suffered any pain. Three police officers testified that they saw a cut on the victim's face. The victim did not receive any medical treatment. While the question of substantial pain is generally a question for the trier of fact, there is an objective level below which the question is one of law (*Matter of Philip A.,* 49 NY2d 198, 200). Here, the testimony that the victim suffered a bruise and perhaps a cut on his face, without further testimony regarding pain or the extent of the injuries, is not sufficient to establish physical injury (*see, People v McDowell,* 28 NY2d 373, 375; *Matter of Pernell M.,* 98 AD2d 776). Accordingly, the conviction under the second count of the indictment must be reversed.

We have considered the other issues raised by defendant and find them without merit.

Judgment modified, on the law, by reversing the conviction of robbery in the second degree as charged in the second count of the indictment, and said count of the indictment dismissed. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.