■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Levine, J.), rendered April 4, 1984, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's pretrial motion which was to suppress evidence of the complainant's identification of him.

Ordered that the judgment is affirmed.

Robbery in the second degree, as defined by Penal Law § 160.10 (2) (a), requires proof of physical injury to the victim, and physical injury, as defined by Penal Law § 10.00 (9), requires proof of an impairment of physical condition or substantial pain. The victim, who was 81 years old at the time of the crime, testified that the defendant grabbed him by his collar, threw him to the ground, pinned his arm against the pavement and rubbed his wrist back and forth on the concrete causing the victim great pain and breaking the links in his watchband. The defendant then tore the complainant's lining out of the jacket and removed an envelope and a billfold. For approximately two weeks following this attack, the elderly complainant's back and wrist were very painful and he suffered a lot of discomfort. Given the complainant's age and condition, the vicious and violent nature of the attack, and his testimony regarding his injuries, we find that whether the complainant suffered substantial pain was properly a matter for the trier of fact to determine (see, People v Rojas, 61 NY2d 726; Matter of Philip A., 49 NY2d 198; People v Chesebro, 94 AD2d 897).

We agree with the hearing court's determination that the showup was not unnecessarily suggestive (see, People v Love, 57 NY2d 1023; People v Lewis, 123 AD2d 716), and we note that, in any event, an independent source existed for the

complainant's in-court identification testimony. Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.