■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SOUTH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered December 15, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree arising out of the sale of two vials of cocaine to an undercover police officer. During the cross-examination of the undercover officer, defense counsel reported at a sidebar conference that juror number 9 was sleeping. The court responded that it had observed the juror close her eyes, "however, not for a prolonged period of time". Consequently, the court advised the jurors to alert it if at any time they needed a recess. After the court's charge but before the jury retired to deliberate, defense counsel informed the court that juror number 9 had been asleep during the court's charge for about 10 minutes and was awakened by juror number 10, who elbowed her

when she saw defense counsel watching. At this point, the court again acknowledged that it saw the juror with her eyes closed at certain points during the charge, though not for "an extended period of time". Nevertheless, the court denied defense counsel's request for a mistrial or, alternatively, an in-camera inquiry. We agree with the defendant that a new trial is warranted.

"A juror who has not heard all the evidence in the case or the court's instructions as to the applicable principles of law is grossly unqualified to render a verdict" *(People v Valerio,* 141 AD2d 585, 586; *People v Russell,* 112 AD2d 451). Under the circumstances, the court should have granted the defendant's request and conducted a probing and tactful inquiry to determine whether juror number 9 was unqualified to render a verdict based upon her apparent sleeping episodes *(see, People v Rodriguez,* 71 NY2d 214; *People v Cargill,* 70 NY2d 687; *People v Valerio, supra).* Accordingly, we conclude that the defendant was deprived of his constitutional right to a jury trial and is therefore entitled to a new trial *(see,* CPL 270.35; *People v Valerio, supra).*

In light of our determination, we need not reach the defendant's remaining contentions. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.