■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH JONES, Appellant. [623 NYS2d 868] —Judgment, Supreme Court, New York County (Angela Mazzarelli, J.), rendered November 24, 1992, convicting defendant, after jury trial, of robbery in the first degree and robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 14 years to life and 12 years to life, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of the crimes charged was proven beyond a reasonable doubt *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), and the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490).

As defendant failed to provide a record that supports his claim that a *Sandoval* hearing was conducted in his absence, there is no basis to review his claim that his right to be present at that material stage of his trial was violated *(People v Bharat,* 204 AD2d 169, *lv denied* 84 NY2d 822). In any event, a fair reading of the record indicates that defendant was, indeed, present.

The court conducted appropriate inquiry of a juror to ascertain whether he was asleep during portions of the trial, accepting the juror's assurances that the suspect behavior was the result of an eye infection and a loud cough. As defense counsel declined the opportunity to inquire further, there is no basis to conclude that the juror in question should have been discharged as grossly unqualified to continue service *(see, People v Buford,* 69 NY2d 290, 299).

The record establishes that defendant was not present during initial discussion of the discovery of contraband in an open cigarette package apparently intended for defendant by a family member or friend. However, defendant's presence was not required as the colloquy involved no evidentiary matter, nor any issue about which defendant has shown special knowledge, and to the extent the colloquy touched upon the issue of whether, on the undisputed facts, counsel faced a conflict of interest, the matter was purely legal in nature *(see, People v Morales,* 80 NY2d 450). Further, we note that defendant assured the court on the record that he perceived no conflict of interest between himself and his attorney and specifically approved counsel's continued representation of him in this case.

The prosecutor's summation comments regarding credibility

were directly responsive to the defense summations *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Further, the court sustained objection to the prosecutor's references to the "horrifying" nature of the crime and its effects on the victims, and instructed the jury repeatedly that sympathy was to play no role in their deliberations. It is presumed that the jury understood and followed these instructions *(People v Davis,* 58 NY2d 1102). Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.