THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD G. WOODHAMS, Appellant. [639 NYS2d 757]

Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD D. MARKS, Appellant. [639 NYS2d 196]

Memorandum: County Court did not abuse its discretion in denying defendant's motion to discharge a juror defense counsel believed had been asleep for portions of the trial (*see, People v Jones*, 213 AD2d 250, *lv denied* 86 NY2d 796). Following the testimony of a prosecution witness, defense counsel stated to the court that one of the jurors had been asleep during cross-examination and had appeared to have been asleep for "the better part of yesterday." The prosecutor stated that he had not noticed that the juror had been sleeping. During an inquiry at the bench, the juror repeatedly denied having been asleep that day. The court did not ask the juror whether she had been asleep the previous day, and defense counsel declined the opportunity to inquire further. After admonishing the juror to "pay attention," the court denied defendant's motion to discharge the juror, adding that it might change its ruling if the juror appeared to fall asleep again. No further complaints were made regarding the juror.

While a juror who has not heard all the evidence in a case is "grossly unqualified" to render a verdict (CPL 270.35; *see, People v Williams,* 202 AD2d 1004), there is no conclusive evidence in this case that the juror had been asleep or had otherwise failed to pay attention at trial. Under the circumstances, the court's denial of the motion to discharge the juror does not constitute an improvident exercise of discretion (*see, People v Jones, supra*).

Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Erie County Court, LaMendola, J.— Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.