■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE EVANS, Appellant. [672 NYS2d 862] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered April 18, 1996, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 10 years to life, unanimously affirmed.

The verdict was based on legally sufficient·evidence and was not against the weight of the evidence. The element of physical injury was satisfied by evidence that defendant beat the complainant about the head and face with his fist, causing noticeable and multiple bruises, as well as bleeding and swelling, which necessitated application of ice packs to stem the swelling. This evidence supported the inference that the non-testifying complainant suffered substantial pain (*see, People v Rojas*, 61 NY2d 726).

The court properly instructed the jury that defendant's claim of right to money he had given the complainant did not constitute a defense to attempted forcible stealing of cash (*People v Duval*, 172 AD2d 248, *lv denied* 77 NY2d 994).

The written waiver of defendant's right to be present at sidebar conferences during the jury voir dire, signed by defendant, his attorney and the court, confirms that defendant was advised of his right to be present at such conferences and that he waived the right only after consulting with his counsel. In addition, the record indicates that defendant and his counsel stood silent when the court announced to the members of the jury panel that the opportunity would be provided for individual venirepersons to approach the Bench for discussion of any matter of "private" concern, in the presence of only the court and counsel, as well as when such conferences took place. Thus, the totality of the record and the reasonable inferences to be drawn therefrom indicate that defendant's waiver of his right to be present at sidebar conferences during the jury voir dire proceedings was knowing, intelligent and voluntary (*see, People v Leonor*, 245 AD2d 22).

Statements by the complainant were properly received in evidence as excited utterances and business records. Invocation of these hearsay exceptions did not require any showing of the declarant's unavailability.

We perceive no abuse of discretion in sentencing.

Defendant's additional claims of error are unpreserved and we decline to review them in the interest of justice. Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.