■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT DAUGHTRY, Also Known as HERB DAUGHTRY, Appellant. [681 NYS2d 8] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered December 7, 1993, convicting defendant, after a jury trial, of murder in the second degree and conspiracy in the second degree (two counts), and sentencing him, as a persistent felony offender, to two concurrent terms of 25 years to life and a consecutive term of 25 years to life, unanimously affirmed.

The court properly admitted into evidence, under the declaration against penal interest exception to the hearsay rule, the videotaped confession of a codefendant since the People met all the criteria for admissibility thereof (*see, People v Morgan,* 76 NY2d 493, 497-498; *People v Shortridge,* 65 NY2d 309, 312; *People v Settles,* 46 NY2d 154, 167). The People's offer of independent proof tended to confirm the truth of the facts asserted in the declaration (*see, People v Shortridge, supra,* 65 NY2d, at 313; *People v Settles, supra,* 46 NY2d, at 169-170). Contrary to defendant's claim, the confession did not demonstrate that the declarant sought to minimize his own culpability by maximizing defendant's or by shifting blame to defendant (*see, People v Thomas,* 68 NY2d 194, *cert denied* 480 US 948). Instead, the declarant's accounts of what occurred remained sufficiently consistent, and only increased his own culpability for the murder. In addition, the declarant's "identification" of defendant as the person who paid him to commit the murder was against the declarant's penal interest, because it provided the motive for the crime (*see, People v Piazza,* 48 NY2d 151, 157). In any event, the declarant never stated with certainty that the photograph presented to him was of defendant. Finally, the circumstances under which the statement was made by the declarant do not cast doubt on its reliability.

The plea allocutions of defendant's coconspirators were properly admitted into evidence under the same exception to the hearsay rule (*see, People v Thomas,* 68 NY2d, *supra,* at 197). Defendant's claim concerning the indictment language contained in the plea allocution of one of the codefendants is not preserved and we decline to review it in the interest of

justice. Were we to reach the issue, we would find that the use of the indictment language in this context did not relieve the People of their burden of proving that defendant was part of a conspiracy.

Having failed to object to the manner in which the court investigated the defense claim that a juror was asleep during a portion of the trial, and having failed to request that the inquiry of the juror be conducted on the record, defendant's claim that the court failed to conduct a sufficient inquiry is unpreserved and unreviewable (*see, People v Martinez*, 224 AD2d 326, *lv denied* 88 NY2d 989).

In any event, on the existing record, we conclude that the court providently exercised its discretion in denying defendant's motion to discharge the juror as grossly unqualified (*see, People v Marks*, 225 AD2d 1087, *lv denied* 88 NY2d 881; *People v Hernandez*, 198 AD2d 299, *lv denied* 83 NY2d 853).

The challenged portions of the People's summation were largely based on the evidence and responsive to the defense summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976), and could not have deprived defendant of a fair trial.

Defendant's remaining claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J. P., Rubin, Tom and Mazzarelli, JJ.