THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS C. MCGLOTTEN, Appellant. [718 NYS2d 770] —Judgment unanimously modified on the law and as modified affirmed and new trial granted on count three of the indictment in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the third degree (Penal Law § 155.35) and criminal possession of stolen property in the third degree (Penal Law § 165.50). Contrary to defendant's contention, the evidence, when viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), is legally sufficient to establish that the value of the stolen items exceeded $3,000. The owners testified with respect to the cost and condition of many items, and many items were admitted in evidence.

Defendant failed to preserve for our review his contention that he was denied a fair trial because a juror fell asleep (*see, People v Daughtry,* 254 AD2d 193, 194, *lv denied* 93 NY2d 872; *cf., People v South,* 177 AD2d 607, 607-608) and, in any event, that contention is without merit. Upon our review of the record, we conclude that defendant was afforded meaningful representation (*see, People v Benevento,* 91 NY2d 708, 712; *People v Baldi,* 54 NY2d 137, 147).

We further conclude, however, that County Court erred in failing to charge the jury that defendant's girlfriend was an accomplice as a matter of law with respect to the third count charging defendant with criminal possession of stolen property in the third degree (*see, People v Berger,* 52 NY2d 214, 220; *see also, People v Sweet,* 78 NY2d 263, 267-268; *People v Green,* 170 AD2d 1024, 1024-1025, *lv denied* 78 NY2d 966). Defendant's girlfriend testified that defendant took the stolen property to her house; she knew that the property was stolen; she and defendant traveled to Utica where she sold items of jewelry at a pawn shop while defendant waited outside; she gave the proceeds of the sale to defendant and the two then purchased a wedding dress with the proceeds. Defendant's girlfriend also testified that the charges against her were dismissed in exchange for her testimony against defendant (*see, People v Sweet, supra,* at 267-268). Contrary to the People's contention,

Penal Law § 165.65 (2) is inapplicable on these facts. That statute provides in relevant part that defendant may be convicted of criminal possession of stolen property "solely upon the testimony of one to whom he disposed of such property." The actions of defendant and his girlfriend are not indicative of the "classic separation between the crimes of theft and receiving stolen property," i.e., a thief and his "fence" (*People v Brooks,* 34 NY2d 475, 480). Therefore, we modify the judgment by reversing the conviction of criminal possession of stolen property in the third degree under count three of the indictment and vacating the sentence imposed thereon, and we grant a new trial on that count of the indictment (*see, People v Minarich,* 46 NY2d 970, 971). (Appeal from Judgment of Jefferson County Court, Clary, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.