**Fitzgerald GUINYARD, Petitioner–Appellant,**

v.

**John P. KEANE, Superintendent, Respondent–Appellee.**

**Docket No. 02–2209.**

United States Court of Appeals, Second Circuit.

Feb. 21, 2003.

Andrew D. Greene, Lake Success, New York, for Appellant.

Charles J. Hynes, District Attorney, Kings County, New York (Leonard Joblove and Christopher Ronk, Assistant District Attorneys, on brief), for Appellee.

Present: JACOBS, CALABRESI, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **AFFIRMED.**

Petitioner-appellant Fitzgerald Guinyard appeals from a judgment entered in the United States District Court for the Eastern District of New York (Weinstein, *J.*) on February 27, 2002, denying his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Guinyard is currently serving a sentence for his 1998 conviction in New York state court on counts of robbery in the second degree and reckless endangerment in the first degree. The district court granted a certificate of appealability only as to Guinyard's argument that his trial counsel rendered ineffective assistance by failing to assure an alert jury, a claim premised on a brief interruption of the jury charge in which the judge paused to ask:

> Everybody is awake here? Let me see. We have somebody who is—wake up. All right.

Tr. at 1471. The trial proceedings then resumed without objection or discussion.

This Court reviews *de novo* the denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Ryan v. Miller,* 303 F.3d 231, 245 (2d Cir.2002). We review the district court's factual findings for clear error. *See Morris v. Reynolds,* 264 F.3d 38, 45 (2d Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 2381, 153 L.Ed.2d 199 (2002).

1. Guinyard raised an ineffective assistance claim and a sleeping juror claim in state court, but he may not have raised the former based on the latter, as he does here. It is therefore unclear whether he actually exhausted his claim. *See* 28 U.S.C. § 2254(b)(1). The district court found, however, that "the State, through counsel, expressly waive[d] the [exhaustion] requirement" by stipulating to its satisfaction. 28 U.S.C. § 2254(b)(3); *Clark v. Bennet,* No. 98–CV–1445 (FB), 1999 WL 360205, at *2 (E.D.N.Y. May 28, 1999) ("[a]lthough the ineffective assistance of counsel claim ... may still be raised in a proper collateral attack, and therefore is not exhausted, the government has explicitly waived the exhaustion requirement"); *cf. Lurie v. Wittner,* 228 F.3d 113, 123 (2d Cir.2000) (declining to find express waiver because counsel's statement in the district court was ambiguous), *cert. denied,* 532 U.S. 943, 121 S.Ct. 1404, 149 L.Ed.2d 347 (2001).

2. It is also unclear whether the specific claim Guinyard presents in this appeal was "adjudicated on the merits" in state court. 28 U.S.C. § 2254(d). Nonetheless, "we decline to decide whether the petitioner's federal claim was 'adjudicated on the merits' within the meaning of AEDPA, because under either AEDPA or a *de novo* standard of review, we must affirm the denial of his application for habeas corpus relief." *Washington v. Schriver,* 255 F.3d 45, 48 (2d Cir.2001). That is, Guinyard's ineffective assistance claim based on the allegedly sleeping juror fails even under *de novo* review.

3. In order to establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient," *i.e.,* it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense," meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Guinyard cannot establish that his lawyer's performance was deficient on this score. As the district court noted, there is no proof that any juror was asleep, as

opposed to daydreaming or concentrating with eyes shut. *Guinyard v. Keane*, No. 00 CV 6841(JBW), 2002 WL 459923, at *1 (E.D.N.Y. Feb. 27, 2002). And there is no reason to believe trial counsel failed unreasonably to observe something amiss in the jury box.

Moreover, even if trial counsel saw a distracted juror, it was among the objectively reasonable strategic choices for counsel to forgo an objection. The juror in question may have been one that defense counsel favored and wanted to keep. Or counsel may have concluded that pursuing the matter would have been fruitless, since the trial court had discretion to decide how to remedy such a problem and had already called the jurors to attention. *See People v. Marks*, 225 A.D.2d 1087, 639 N.Y.S.2d 196, 196 (4th Dep't 1996) (holding court "did not abuse its discretion in denying defendant's motion to discharge a juror defense counsel believed had been asleep for portions of the trial"); *People v. Jones*, 213 A.D.2d 250, 623 N.Y.S.2d 868, 869 (1st Dep't 1995). Or counsel may have wished to avoid annoying the jury during the critical final stages of trial. As the district court found, trial counsel adequately protected Guinyard's rights when necessary throughout the proceeding. 2002 WL 459923, at *2.

4. Because Guinyard cannot establish that his trial counsel's performance was deficient, there is no need to remand for an evidentiary hearing on possible prejudice. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of *either* deficient performance or sufficient prejudice defeats the ineffectiveness claim.") (emphasis added).

* The Honorable Richard M. Berman, United States District Court for the Southern District

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**