■ In the Matter of JEHADH S., a Person Alleged to be a Juvenile Delinquent, Appellant. [808 NYS2d 24]—

Order of disposition, Family Court, New York County (Susan R. Larabee, J.), entered on or about November 15, 2004, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of assault in the third degree, reckless endangerment in the second degree, and menacing in the third degree, and imposed a conditional discharge for a period of 12 months, unanimously affirmed, without costs.

The court's findings were based on legally sufficient evidence and were not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility. The evidence established that following a fight with another student in a crowded classroom, the 230-pound, 13-year-old appellant became increasingly angry and violent, knocked over flowerpots and chairs, and flipped over a large, heavy desk in the direction of a nearby teacher, the complainant. The falling desk struck the teacher's right shin, causing the requisite physical injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]), in that the teacher sustained bruising and swelling on the shin lasting nearly a week, experienced pain and tenderness when walking, and visited her doctor for treatment. Moreover, at the fact-finding hearing approximately four months after the incident, the court noted that there was still a three-inch mark on the teacher's shin. The evidence also established the element

of recklessness (*see* Penal Law § 15.05 [3]), in that it supported the court's conclusion that appellant consciously disregarded the substantial risk of serious physical injury to the other individuals present in the classroom. We have considered and rejected appellant's remaining arguments. Concur—Mazzarelli, J.P., Friedman, Nardelli, Sweeny and McGuire, JJ.