■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LENNON, Appellant. [830 NYS2d 770]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 14, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in discharging a sworn juror over the protest of the defendant (*see People v Buford,* 69 NY2d 290 [1987]). After a witness testified for the prosecution, a juror revealed that he was acquainted with the witness, having seen him "down the bay numerous times" and having conversed with him. The juror stated that he did not "know how to answer" whether his acquaintance with the witness would influence his deliberations. The trial court was justified in concluding that the juror was "grossly unqualified" to continue serving based on his relationship with the witness and his inability to state that he would not be influenced by the relationship (*see* CPL 270.35; *People v Defina,* 256 AD2d 586 [1998]; *People v White,* 204 AD2d 750 [1994]; *People v Lilly,* 139 AD2d 671 [1988]; *cf. People v Rentz,* 67 NY2d 829 [1986]).

Further, the trial court did not err in failing to inquire of the alternate juror who replaced the sworn juror as to whether she had been sleeping during portions of the trial and was thus grossly unqualified (*see People v South,* 177 AD2d 607 [1991]). Although members of the defendant's family reported that the alternate juror had been sleeping, the court noted that it had a better view of the alternate than the defendant's family and that, inter alia, it believed that the alternate juror had not been sleeping. As the court had the benefit of its own observations, further inquiry was not required (*see People v McIntyre,* 193 AD2d 626 [1993]; *People v Richardson,* 180 AD2d 902 [1992]). Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.