■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD E. LUNETTA, Appellant. [832 NYS2d 358]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 19, 2005. The judgment convicted defendant, upon a jury verdict, of robbery

in the second degree and, upon a plea of guilty, of attempted forgery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the conviction of robbery in the second degree (Penal Law § 160.10 [2] [a]) to robbery in the third degree (§ 160.05) and vacating the sentence imposed on count one of the indictment and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for sentencing on the conviction of robbery in the third degree.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, robbery in the second degree (Penal Law § 160.10 [2] [a]), defendant contends that the evidence of physical injury is legally insufficient to support the robbery conviction. We agree. The victim testified that, during the course of the robbery, she sustained bruising to her right arm, swelling of two fingers on her left hand and a bump on her head. She testified that her right arm was "sore," "bruised and painful," and "black and blue" for "[a]bout a week." She further testified that she experienced pain in her two fingers for "[a] couple of weeks" and was not able to move those fingers for "[a]bout two weeks." When asked whether she could pursue her normal activities in the days following the robbery, the victim answered, "Not with my left hand, it was swollen." With respect to the bump on her head, the victim testified that the bump remained for "[a]bout a week" and was painful. She described the pain as "[a]n ache." The victim did not receive any medical treatment for her injuries, and the police report stated that she was not injured.

We agree with defendant that the evidence is legally insufficient to establish that the victim suffered either "impairment of [a] physical condition" or "substantial pain" (Penal Law § 10.00 [9]). Although the victim testified that she could not move her two swollen fingers for approximately two weeks, that testimony was not further explained and thus is legally insufficient to establish the manner in which the victim's activities were curtailed or limited (see People v Windbush, 163 AD2d 591, 592-593 [1990], lv denied 76 NY2d 945 [1990]; see also People v Carney, 179 AD2d 818 [1992], lv denied 80 NY2d 894 [1992]; cf. People v Driver, 248 AD2d 172, 172-173 [1998], lv denied 92 NY2d 851 [1998]). The victim failed to testify with respect to the degree of pain she experienced (see Matter of Philip A., 49 NY2d 198, 200 [1980]; Carney, 179 AD2d at 818; People v Dorsey, 112 AD2d 536, 537 [1985], lv denied 66 NY2d 763 [1985]; cf. People v Jackson, 232 AD2d 193, 194 [1996], lv denied 89 NY2d

924 [1996]; *People v Williams*, 127 AD2d 718 [1987], *lv denied* 69 NY2d 1011 [1987]), nor does the testimony concerning the injuries sustained by the victim support the inference that she experienced substantial pain (*cf. People v Evans*, 250 AD2d 484 [1998], *lv denied* 92 NY2d 924 [1998]). We therefore modify the judgment by reducing the conviction of robbery in the second degree to robbery in the third degree (Penal Law § 160.05; *see* CPL 470.15 [2] [a]) and vacating the sentence imposed on count one of the indictment, and we remit the matter to Supreme Court for sentencing on the conviction of robbery in the third degree (*see* CPL 470.20 [4]; *People v Adams*, 309 AD2d 648 [2003]). In view of our decision, we need not address defendant's contention that the sentence imposed on that count of the indictment is unduly harsh and severe.

Defendant failed to preserve for our review his contention that the court committed reversible error when it failed to conduct an inquiry of two jurors who, according to defendant, were asleep during portions of the trial (*see People v Sanabria*, 266 AD2d 41, 42 [1999], *lv denied* 94 NY2d 884 [2000]; *People v Daughtry*, 254 AD2d 193, 194 [1998], *lv denied* 93 NY2d 872 [1999]; *People v Gonzalez*, 247 AD2d 328, 329 [1998]; *People v Fenderson*, 203 AD2d 585 [1994], *lv denied* 84 NY2d 825 [1994]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the further contention of defendant that the verdict is against the weight of the evidence because there was no physical evidence linking him to the crimes. The victim and an eyewitness identified defendant as the man who robbed the victim, and we cannot say that the jury failed to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Centra, J.P., Lunn, Peradotto and Pine, JJ.