The People of the State of New York, Respondent, v
Mark A. Smith, Appellant. [845 NYS2d 655]—

Appeal from a judgment of the Supreme Court, Monroe
County (Kenneth R. Fisher, J.), rendered December 9, 2003.
The judgment convicted defendant, upon a jury verdict, of rob-
bery in the second degree and grand larceny in the fourth
degree.

It is hereby ordered that the judgment so appealed from be
and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting
him upon a jury verdict of robbery in the second degree (Penal
Law § 160.10 [2] [a]) and grand larceny in the fourth degree
(§ 155.30 [5]). Contrary to defendant's contention, the verdict is
not against the weight of the evidence with respect to whether
the victim sustained a physical injury within the meaning of
Penal Law § 10.00 (9) (see generally People v Bleakley, 69 NY2d
490, 495 [1987]). Contrary to the contention of defendant in his
pro se supplemental brief, the evidence also is legally sufficient
in that respect (see generally People v Guidice, 83 NY2d 630,
636 [1994]; People v Gerecke, 34 AD3d 1260, 1261 [2006], lv
denied 7 NY3d 925 [2006]). Although defendant contends that
the testimony of the victim with respect to her level of pain was
not credible, the jury was entitled to credit the testimony of the
victim that the significant bump on her head resulting from
having been punched by defendant caused debilitating pain,
requiring her to take pain medication and to remain in bed for
three days (see generally Guidice, 83 NY2d at 636). Defendant
failed to object to Supreme Court's jury instructions on the is-
sue of physical injury and thus failed to preserve for our review
the challenge in his pro se supplemental brief to those instruc-
tions (see CPL 470.05 [2]). We decline to exercise our power to
review that challenge as a matter of discretion in the interest of
justice (see CPL 470.15 [6] [a]).

Finally, we reject the contention of defendant in his pro se
supplemental brief that the court erred in failing to impose a
sanction based upon the prosecution's failure to secure a hat
found at the scene of the crime. "The People are subject to
sanctions for failing to preserve discoverable evidence only if
the evidence is lost or destroyed while in their possession"
(People v Dei, 2 AD3d 1459, 1461 [2003], lv denied 1 NY3d 626

1484

[2004]; *see People v Tutt*, 305 AD2d 987 [2003], *lv denied* 100 NY2d 588 [2003]; *see also People v Carpenter*, 187 AD2d 519, 522 [1992], *lv denied* 81 NY2d 838, 1012 [1993]), and here the hat was never in the possession of the People. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Pine, JJ.