In the Matter of NICO S.C., Appellant. MONROE COUNTY ATTORNEY, Respondent. [894 NYS2d 272]—

Appeal from an amended order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered February 26, 2009 in a proceeding pursuant to Family Court Act article 3. The amended order adjudicated respondent a juvenile delinquent.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order adjudicating him to be a juvenile delinquent based on the finding that he committed an act that, if committed by an adult, would constitute the crime of assault in the third degree (Penal Law § 120.00 [2]), respondent contends that the evidence is legally insufficient to support the finding that his acts constituted reckless assault. We note at the outset that, although respondent appeals from the order rather than the subsequent amended order, in the exercise of our discretion we treat the notice of appeal as valid and deem the appeal as taken from the amended order (see Matter of Steven M., 37 AD3d 1072 [2007]; see also CPLR 5520 [c]).

In any event, we reject respondent's contention. Both respon-

dent and his mother testified that, while they were arguing with each other, respondent grabbed his mother's arm. After respondent and his mother fell to the floor, respondent held her wrists and bit her shoulder. Even assuming, arguendo, that we credit the testimony of respondent that he was attempting to calm his mother down by subduing her, we conclude the evidence is legally sufficient to support Family Court's determination that respondent consciously disregarded a substantial and unjustifiable risk that his mother would sustain a physical injury (*see* Penal Law § 15.05 [3]; § 120.00 [2]; *People v Gordon*, 34 AD3d 316 [2006], *lv denied* 8 NY3d 880 [2007]; *see also Matter of Jehadh S.*, 24 AD3d 128 [2005]). We further conclude that the evidence is legally sufficient to support the court's finding that respondent's mother sustained a physical injury, i.e., substantial pain, as a result of respondent's conduct (*see* Penal Law § 10.00 [9]). The photographs presented by the presentment agency support the testimony of respondent's mother that she sustained a bite mark on her right shoulder and extensive bruising on her shoulders, arms and wrists. Further, respondent's mother testified that she sought medical treatment for her injuries, which included pain and swelling of her wrists and left shoulder (*see Jehadh S.*, 24 AD3d 128 [2005]; *People v Bowen*, 17 AD3d 1054, 1055-1056 [2005], *lv denied* 5 NY3d 759 [2005]). Finally, we conclude that the court was entitled to credit the testimony of respondent's mother that on a scale of 1 to 10, she rated her pain level at 7 to 8, and that the pain lasted for several days. Thus the court properly determined that the injuries caused respondent's mother substantial pain (*see People v Coombs*, 56 AD3d 1195, 1196 [2008], *lv denied* 12 NY3d 782 [2009]; *see generally People v Guidice*, 83 NY2d 630, 636 [1994]). Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.