# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

46

KA 11-00490

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

HERBERT H. HAYNES, JR., DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR
OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Craig J.
Doran, J.), rendered March 30, 2010. The judgment convicted
defendant, upon a jury verdict, of burglary in the first degree (three
counts), assault in the second degree (two counts), harassment in the
second degree (two counts) and criminal mischief in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by reducing the conviction of burglary
in the first degree (Penal Law § 140.30 [2]) under count two of the
indictment to burglary in the second degree (§ 140.25 [2]), reducing
the conviction of assault in the second degree (§ 120.05 [2]) under
count four of the indictment to attempted assault in the second degree
(§§ 110.00, 120.05 [2]), and vacating the sentences imposed on those
counts, and as modified the judgment is affirmed and the matter is
remitted to Ontario County Court for sentencing on the conviction of
burglary in the second degree and attempted assault in the second
degree.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of, inter alia, burglary in the first degree
(Penal Law § 140.30 [2], [3]) and assault in the second degree (§
120.05 [2]). We agree with defendant that the evidence is legally
insufficient to support his conviction of burglary in the first degree
as charged in count two of the indictment and assault in the second
degree as charged in count four of the indictment because there is
insufficient evidence that the victim sustained a physical injury (*see*
§§ 120.05 [2]; 140.30 [2]), i.e., "impairment of physical condition or
substantial pain" (§ 10.00 [9]). Although " 'substantial pain' cannot
be defined precisely, . . . it can be said that it is more than slight
or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447). " '[P]etty
slaps, shoves, kicks and the like delivered out of hostility, meanness
and similar motives' constitute only harassment and not assault,

because they do not inflict physical injury" (*id.* at 448; *see Matter of Philip A.*, 49 NY2d 198, 200). Factors relevant to an assessment of substantial pain include the nature of the injury, viewed objectively, the victim's subjective description of the injury and his or her pain, whether the victim sought medical treatment, and the motive of the offender (*see Chiddick*, 8 NY3d at 447-448; *People v Spratley*, 96 AD3d 1420, 1421). "Motive is relevant because an offender more interested in displaying hostility than in inflicting pain will often not inflict much of it" (*Chiddick*, 8 NY3d at 448).

Here, the victim and other witnesses testified that one of defendant's companions struck the victim in the arm, neck and head with a baseball bat. The victim testified that he sustained a bruise on his arm, which did "[n]ot [last] at all." No bruise is apparent in the photograph of the victim's arm taken shortly after the incident. The victim also testified that his neck was bruised in the attack, although that bruise is likewise not visible in the photograph contained in the record. Finally, the victim identified a photograph of his head and testified that he sustained "a lump, but you can't really see it." After the incident, the victim went to the hospital with his brother and a friend who were also attacked. According to the victim, medical personnel "looked at [him], but it wasn't serious." Although we agree with the People that an attack with a baseball bat is "an experience that would normally be expected to bring with it more than a little pain" (*id.* at 447; *see People v Henderson*, 77 AD3d 1311, 1311, *lv denied* 17 NY3d 953), here the victim testified that his injuries hurt only "[a] little bit," and that the pain lasted "a couple of days, no longer than a week." Further, it is undisputed that the victim was not the main target of the attack, but rather was an unfortunate bystander (*see generally Chiddick*, 8 NY3d at 447-448). We thus conclude that the evidence adduced at trial is legally insufficient to establish that the victim sustained a physical injury, i.e., physical impairment or substantial pain (*see Matter of Shawn D.R.-S.*, 94 AD3d 1541, 1541-1542; *People v Lunetta*, 38 AD3d 1303, 1304-1305, *lv denied* 8 NY3d 987; *People v Patterson*, 192 AD2d 1083, 1083; *cf. Matter of Nico S.C.*, 70 AD3d 1474, 1475; *People v Smith*, 45 AD3d 1483, 1483, *lv denied* 10 NY3d 771; *People v Wooden*, 275 AD2d 935, 936, *lv denied* 96 NY2d 740). We further conclude, however, that the evidence is legally sufficient to support a conviction of the lesser included offenses of burglary in the second degree (Penal Law § 140.25 [2]) and attempted assault in the second degree (§§ 110.00, 120.05 [2]), and we therefore modify the judgment accordingly. Contrary to the further contention of defendant, viewing the evidence in light of the elements of the remaining crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to those crimes is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct during voir dire and throughout the trial. "By failing to object to most of the statements by the prosecutor that are now alleged to constitute misconduct, defendant failed to preserve for our review his contentions with respect to those statements" (*People v Hess*, 234 AD2d 925, 925, *lv denied* 90 NY2d 1011; *see* CPL

470.05 [2]; *People v Justice*, 99 AD3d 1213, 1216; *People v Nappi*, 83 AD3d 1592, 1594, *lv denied* 17 NY3d 820).  In any event, we conclude that, although certain comments made by the prosecutor were improper, those comments "were 'not so egregious as to deprive defendant of his right to a fair trial,' when viewed in the totality of the circumstances of this case" (*People v Martina*, 48 AD3d 1271, 1273, *lv denied* 10 NY3d 961; *see Justice*, 99 AD3d at 1216).  We further conclude that defendant was not denied effective assistance of counsel based on the failure of defense counsel to object to the prosecutor's improper comments on summation (*see People v Lopez*, 96 AD3d 1621, 1623, *lv denied* 19 NY3d 998; *People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954).

Contrary to defendant's contention, the sentence is not unduly harsh or severe.  As defendant correctly contends, however, the certificate of conviction mistakenly recites that he was sentenced to a five-year period of postrelease supervision on each conviction of assault in the second degree when, in fact, the court imposed no periods of postrelease supervision.  The certificate of conviction must therefore be amended to reflect that defendant was not sentenced to any periods of postrelease supervision on the two assault convictions (*see generally People v Saxton*, 32 AD3d 1286, 1286-1287).

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court