# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1377**
**KA 11-02137**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

RONALD COLEMAN, JR., ALSO KNOWN AS RONALD COLEMAN,
DEFENDANT-APPELLANT.
_____

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF
COUNSEL), FOR DEFENDANT-APPELLANT.

RONALD COLEMAN, JR., DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF
COUNSEL), FOR RESPONDENT.
-------------------------------------------------------------------

    Appeal from a judgment of the Monroe County Court (Frank P.
Geraci, Jr., J.), rendered August 31, 2011.  The judgment convicted
defendant, upon a jury verdict, of kidnapping in the first degree,
robbery in the first degree (two counts), criminal possession of a
weapon in the second degree (two counts), robbery in the second degree
and assault in the second degree.

    It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by reversing that part convicting
defendant of assault in the second degree and dismissing count eight
of the indictment and as modified the judgment is affirmed.

    Memorandum:  Defendant appeals from a judgment convicting him
upon a jury verdict of kidnapping in the first degree (Penal Law
§ 135.25 [1]), robbery in the second degree (§ 160.10 [1]), and
assault in the second degree (§ 120.05 [2]), and two counts each of
robbery in the first degree (§ 160.15 [2], [4]) and criminal
possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]).
We agree with defendant that the evidence is legally insufficient to
support his conviction of assault in the second degree because there
is insufficient evidence that the victim sustained a physical injury,
i.e., "impairment of physical condition or substantial pain"
(§ 10.00 [9]; *see* § 120.05 [2]).  Although the evidence at trial
established that, after defendant hit the victim in the face with a
gun, the victim sustained a small bruise with some swelling beneath
the eye and felt some pain, the victim also testified that he did not
seek medical attention, and there was no testimony about the extent or
duration of the victim's pain or whether the injury curtailed the
victim's activities (*see People v Perry*, 122 AD3d 775, 775-776, *lv*

*denied* 24 NY3d 1122; *People v Zalevsky*, 82 AD3d 1136, 1137, *lv denied* 19 NY3d 978, *reconsideration denied* 19 NY3d 1106; *see generally People v Haynes*, 104 AD3d 1142, 1142-1143, *lv denied* 22 NY3d 1156; *cf. People v Myers*, 87 AD3d 826, 827, *lv denied* 17 NY3d 954).  We therefore modify the judgment accordingly.

With respect to the remaining counts of which defendant was convicted, we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).  Additionally, viewing the evidence in light of the elements of the remaining crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention, also raised in his pro se supplemental brief, that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Also contrary to defendant's contention, the photo array used in the pretrial identification procedure was not unduly suggestive inasmuch as "the fact that he was photographed from a closer range did not impermissibly draw attention to his photograph in the array" (*People v Brown*, 125 AD3d 1550, 1550; *see People v Ofield*, 280 AD2d 978, 979, *lv denied* 96 NY2d 832).  Defendant further contends that we should modify the judgment as a matter of discretion in the interest of justice by reversing one of his convictions of robbery in the first degree because both counts involved the forcible theft of the same property, and by reversing one of his convictions of criminal possession of a weapon in the second degree because both counts involved the possession of the same weapon.  We decline to do so inasmuch as each count of which defendant was convicted was a separate crime (*see People v Rice*, 5 AD3d 1074, 1074, *lv denied* 2 NY3d 805).

Defendant failed to preserve for our review his contentions that County Court erred in its *Sandoval* ruling (*see People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968), and that the indictment is multiplicitous (*see People v Jefferson*, 125 AD3d 1463, 1464, *lv denied* 25 NY3d 990; *People v Quinn*, 103 AD3d 1258, 1258, *lv denied* 21 NY3d 946).  Defendant also failed to preserve for our review his contention in his pro se supplemental brief that the court erred in its charge to the jury (*see People v Humphrey*, 109 AD3d 1173, 1174, *lv denied* 24 NY3d 1044), as well as his contention therein that the verdict is repugnant (*see People v Spears*, 125 AD3d 1401, 1402, *lv denied* 25 NY3d 1172).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see CPL 470.15 [6] [a]).

Defendant's remaining contentions are set forth in his pro se supplemental brief.  His contention that the court erred in refusing to suppress statements that he made to the police is moot because the prosecution did not introduce those statements at trial (*see People v Wegman*, 2 AD3d 1333, 1335, *lv denied* 2 NY3d 747).  We reject defendant's contention that defense counsel's failure to make a motion pursuant to CPL 190.50 (5) (c) deprived him of effective assistance of counsel.  Defendant "has not established that 'he was prejudiced by the failure of [defense counsel] to effectuate his appearance before the grand jury' or that, 'had he testified in the grand jury, the

outcome would have been different' " (*People v James*, 92 AD3d 1207, 1208, *lv denied* 19 NY3d 962, quoting *People v Simmons*, 10 NY3d 946, 949; *see People v Dixon*, 37 AD3d 1124, 1124-1125, *lv denied* 10 NY3d 764).  Finally, we have examined defendant's remaining contention in his pro se supplemental brief and conclude that it lacks merit.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court