■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HEATH, Appellant. [30 NYS3d 103]—

Judgment, Supreme Court, New York County (Rena Uviller, J., at suppression motion; Lewis Bart Stone, J., at jury trial and sentencing), rendered October 25, 2012, as amended December 19, 2012, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second drug felony offender previously convicted of a violent felony, to a term of eight years, unanimously affirmed.

Since there is no evidence that any unrecorded discussion constituted a *Sandoval* hearing, the record fails to support defendant's claim that a *Sandoval* hearing occurred off the record and in his absence (*see People v Jones*, 213 AD2d 250 [1st Dept 1995], *lv denied* 86 NY2d 796 [1995]; *see also People v Kinchen*, 60 NY2d 772 [1983]). To the extent the record permits review, it reflects defense counsel's agreement that no *Sandoval* ruling would be necessary unless defendant wished to testify, and that defendant did not wish to do so.

The court properly declined to give a missing witness charge as to two "ghost" officers in the buy-and-bust team. The request for the charge was untimely, because it was made after the close of all evidence (*see e.g. People v Rosario*, 191 AD2d 243 [1st Dept 1993], *lv denied* 81 NY2d 1019 [1993]). Moreover, defendant failed to show that the officers' testimony would have been material and noncumulative (*see People v Tavarez*, 288 AD2d 120, 120-121 [1st Dept 2001], *lv denied* 97 NY2d 709 [2002]), and the record indicates that one of the officers was unavailable.

The court properly denied defendant's request for a *Mapp/ Dunaway* hearing. Defendant's conclusory denial of "illegal, criminal or suspicious activity at any time" was insufficient to establish his entitlement to a hearing, in the absence of any denial that he participated in the alleged drug transaction, or any other allegation negating probable cause (*see People v Mendoza*, 82 NY2d 415, 426 [1993]).

Defendant's claims regarding the court's identification charge and an allegedly inattentive juror are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Friedman, Andrias, Moskowitz and Kahn, JJ.