# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1273**
**KA 14-01338**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL C. KRAATZ, ALSO KNOWN AS MICHAEL KRAATZ,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 24, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [2] [a]), defendant contends that the conviction is not supported by legally sufficient evidence that the victim sustained a physical injury. We reject that contention. The victim testified that defendant grabbed her arm during the robbery and kept "squeezing and squeezing" while threatening to kill her. She further testified that she felt like the bones in her arm were going to break, that the resulting pain was "excruciating" and "like 9 to 10 to 11" on a scale of one to ten, and that her arm was bruised afterward. We conclude that her testimony is legally sufficient to establish that her pain was substantial, i.e., "more than slight or trivial," and thus that she sustained a physical injury (*People v Chiddick*, 8 NY3d 445, 447; *see* Penal Law § 10.00 [9]; *People v Henderson*, 77 AD3d 1311, 1311, *lv denied* 17 NY3d 953; *cf. People v Lunetta*, 38 AD3d 1303, 1304, *lv denied* 8 NY3d 987). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also reject defendant's further contention that the verdict is against the weight of the evidence on the issue of physical injury (*see generally People v Bleakley*, 69 NY2d 490, 495). Although the victim did not seek any medical treatment as a result of the incident or miss any time from work, the jury was entitled to credit her testimony concerning the extent of the pain she experienced (*see People v Guidice*, 83 NY2d 630, 636; *People v Smith*, 45 AD3d 1483, 1483, *lv denied* 10 NY3d 771; *see*

*also People v Spratley*, 96 AD3d 1420, 1421).

We reject defendant's contention that he was denied effective assistance of counsel by his attorney's failure to make certain objections at trial (*see generally People v Taylor*, 1 NY3d 174, 176-177; *People v Benevento*, 91 NY2d 708, 712-714), and we conclude that the sentence is not unduly harsh or severe.

All concur except CURRAN, J., who dissents and votes to modify in accordance with the following memorandum:  I respectfully dissent. In my view, the People failed to establish beyond a reasonable doubt that the victim suffered a physical injury, i.e., either "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]), as is required for a conviction of robbery in the second degree under Penal Law § 160.10 (2) (a).  I would therefore modify the judgment by reducing the conviction to robbery in the third degree (§ 160.05; *see* CPL 470.15 [2] [a]) and vacating the sentence, and I would remit the matter to County Court for sentencing on the conviction of robbery in the third degree (*see* CPL 470.20 [4]).

In my view, the majority's decision conflicts with the decisions reached by this Court in *People v Coleman* (134 AD3d 1555, 1556, *lv denied* 27 NY3d 963), *People v Haynes* (104 AD3d 1142, 1143, *lv denied* 22 NY3d 1156), and *People v Lunetta* (38 AD3d 1303, 1304, *lv denied* 8 NY3d 987).  The majority relies on *People v Chiddick* (8 NY3d 445, 447-448), but that reliance is misplaced.  That case is distinguishable inasmuch as the defendant in *Chiddick* bit and broke the victim's finger, thereby causing the victim to bleed.  Thus, although the Court of Appeals considered the victim's subjective pain as an important factor, the injury defendant inflicted, viewed objectively, was "[p]erhaps [the] most important [factor]" (*Chiddick*, 8 NY3d at 447). Moreover, unlike here, the victim in *Chiddick* "sought medical treatment for the wound defendant inflicted—an indication that his pain was significant" (*id.*).  Finally, the Court in *Chiddick* noted that "the whole point of the bite was to inflict as much pain as [defendant] could" (*id.* at 448).  I have no doubt that this was a frightening event for the victim, but to the extent that the majority's decision endorses an entirely subjective standard for determining whether a victim suffered a physical injury, I cannot agree with it.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court