Matter of Holli H. v Joseph R. (2020 NY Slip Op 00770)





Matter of Holli H. v Joseph R.


2020 NY Slip Op 00770


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1248 CAF 18-01206

[*1]IN THE MATTER OF HOLLI H., PETITIONER-RESPONDENT,
v
JOSEPH R., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.
DAN SKINNER, BATAVIA, FOR PETITIONER-RESPONDENT.


 Appeal from an amended order of the Family Court, Wyoming County (Michael F. Griffith, J.), entered April 4, 2018 in a proceeding pursuant to Family Court Act article 8. The amended order directed respondent to stay away from petitioner. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent father appeals from an amended order of protection issued upon a finding that he committed the family offense of assault in the third degree under Penal Law
§ 120.00 (1) against petitioner mother. In appeal No. 2, the father appeals from an order entered after a fact-finding hearing determining that he neglected the subject child. In appeal No. 3, the father appeals from an order of disposition continuing the placement of the child in the custody of the maternal grandmother and placing the father under the supervision of petitioner, Wyoming County Department of Social Services.
Contrary to the father's contention in appeal No. 1, a fair preponderance of the evidence supports Family Court's determination that the father committed acts constituting the family offense of assault in the third degree (see Matter of Riggins v Downing, 177 AD3d 1337, 1337 [4th Dept 2019]; Matter of Chilbert v Soler, 77 AD3d 1405, 1406-1407 [4th Dept 2010], lv denied 16 NY3d 701 [2011]). The mother's testimony that, during an argument, the father attacked her and caused her to sustain a broken tooth and a broken wrist, which required the mother to undergo physical therapy and may require future surgery, is sufficient to establish that the father committed the family offense of assault in the third degree, including the element of physical injury (see generally Penal Law § 10.00 [9]; People v Kraatz, 147 AD3d 1556, 1556-1557 [4th Dept 2017]; Matter of Shawn L., 233 AD2d 953, 953 [4th Dept 1996]). Contrary to the father's further contention in appeal No. 1, " the court was entitled to credit the testimony of the [mother] over that of the [father]' " (Matter of Helles v Helles, 87 AD3d 1273, 1274 [4th Dept 2011]).
The father's appeal from the order in appeal No. 2 must be dismissed inasmuch as the appeal from the dispositional order in appeal No. 3 brings up for review the propriety of the fact-finding order (see Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]).
Contrary to the father's contention in appeal No. 3, the court's finding of neglect is supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The evidence at the fact-finding hearing that the child witnessed and intervened in an incident of domestic violence in October 2017, together with evidence of a pattern of ongoing domestic violence between the father and the mother fueled by their drug and alcohol abuse, established that the child had been " placed . . . in imminent risk of emotional harm' " (Matter of [*2]Amodea D. [Jason D.], 112 AD3d 1367, 1368 [4th Dept 2013]; see Matter of Jayden B. [Erica R.], 91 AD3d 1344, 1344-1345 [4th Dept 2012]).
The father's contention in appeal No. 3 that the court erred in continuing placement of the child with the maternal grandmother is moot inasmuch as a superseding custody order has been entered upon the consent of the father and the mother (see Matter of Nyjeem D. [John D.], 174 AD3d 1424, 1425 [4th Dept 2019]).
We have examined the father's remaining contentions in appeal No. 3 and conclude that none requires modification or reversal of the order in that appeal.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court