THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID UMANA, Appellant.—

The defendant was charged, *inter alia,* with murder in the second degree (Penal Law § 125.25 [1]) in connection with the death of Eric Johnson, whom the defendant and Gregario Cruz allegedly beat to death. After the trial, the defendant was convicted of the lesser included offense of manslaughter in the first degree (Penal Law § 125.20 [1]).

The defendant contends that the trial court improperly refused his request to charge the jury with respect to the additional lesser included charge of assault in the second degree (Penal Law § 120.05 [1]) because the cause of death was not definitively established and a reasonable view of the evidence existed that the defendant joined in the beating of Johnson but that he did not bear accomplice liability in connection with the death because the defendant refused to participate in the subsequent acts allegedly committed by Cruz, and he left the scene before Johnson was purportedly killed by Cruz. Thus, the defendant contends that the judgment of conviction should be reversed. We agree.

In order for a charge to be submitted as a lesser included offense, it must be determined whether it is theoretically impossible to commit the greater offense without also committing the lesser offense. In addition, there must be a reasonable view of the evidence to support a finding that the defendant committed the lesser rather than the greater offense *(see,* CPL 1.20 [37]; 300.50 [1]; *People v Glover,* 57 NY2d 61, 63; *People v Green,* 56 NY2d 427, 430). It is impossible to commit an intentional killing without also concomitantly committing by the same conduct a serious physical injury as that is defined in Penal Law § 10.00 (10) *(see, People v Nieves,* 136 AD2d 250, 257). However, where the conduct constituting the assault is the cause of death, the court should not submit an assault charge to the jury *(see, People v Nieves, supra; People v Thomas,* 29 AD2d 986). Nevertheless, the charge of intentional assault should be submitted as a lesser included offense of intentional murder when the People are unable to prove at trial that the conduct charged in the indictment was the cause of death *(see, People v Mendez,* 63 AD2d 69). In this case, the cause of death and the connection between the acts of the

defendant, as well as Cruz, and the victim's death were sufficiently in doubt thereby warranting a charge of assault in the second degree as a lesser included offense. We reject the People's contention that, even accepting that the victim's death resulted from an act that occurred after the defendant left, the defendant's act was a causal link in Johnson's death precluding the assault charge. While a jury may reasonably conclude that the defendant's actions contributed to the victim's death, it cannot be concluded that there was no view of the evidence from which the jury could not find that a supervening wrongful act by Cruz or another person, after the defendant left, caused Johnson's death so as to relieve the defendant of culpability (see, People v Kibbe, 35 NY2d 407, 413).

In light of our determination, we do not address the other contentions raised by the defendant. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.