■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT FELDMAN, Appellant. [631 NYS2d 720] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Pirro, J.), rendered May 28, 1992, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is

remitted to the County Court, Dutchess County, for further proceedings pursuant to CPL 460.50 (5).

Sixty-two-year-old Frances Feldman sustained fatal head injuries while she and her husband were doing yard work at their home, located in a rural area of Dutchess County. Her husband was ultimately indicted for depraved indifference murder and manslaughter in the second degree in connection with her death. The theory of prosecution was that the defendant beat the victim, who suffered from depression, over at least a two-month period prior to her death, and ultimately administered the fatal blow to her head. According to the defendant, the victim fell, as she often did, sustaining fatal injuries. After a jury trial the defendant was convicted of criminally negligent homicide, which was charged as a lesser included offense, and this appeal ensued.

At trial a number of witnesses testified as to their observations of bruises on the victim's body during the year prior to her death, as well as their observations of the defendant's abusive conduct toward the victim. Such evidence was admissible in order to rebut the defense of accident (see, People v Shorey, 172 AD2d 634; People v Chapman, 145 AD2d 642). Moreover, the trial court did not improvidently exercise its discretion in permitting those witnesses to testify, as, under the circumstances of this case, the probative value of their testimony outweighed its potential for prejudice (see, People v Henson, 33 NY2d 63, 72-73).

Many of the defendant's contentions with respect to the procedures employed regarding the admissibility of that evidence are not preserved for appellate review, as he not only failed to voice an objection when the procedures to be followed were being discussed, but he agreed to those procedures. Also not preserved for appellate review is the defendant's current objection to the limiting instructions given by the trial court during the course of the trial regarding the testimony of the observation of bruises on the victim's body prior to her death. In any event, the trial court's conduct in connection with the admission of the testimony was appropriate and did not result in any prejudice to the defendant (see, People v Linton, 166 AD2d 670).

The defendant contends that the People failed to prove that his conduct caused his wife's death. Viewing the evidence adduced at the trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminally negligent homicide. The facts and the inferences which logically flow

from the expert medical testimony proffered by the People, when combined with the evidence of multiple bruises of various ages on the victim's body, supports a finding that the victim died of an injury sustained at the hands of another *(see, People v Wong,* 81 NY2d 600, 608). Given that the defendant was admittedly the only person with the victim at the time that the injuries were sustained, the only logical inference to be drawn is that he inflicted the fatal blow. Thus the defendant's contention is without merit.

There is no reasonable view of the evidence which would support the conclusion that the defendant committed the crime of assault in the third degree *(see,* Penal Law § 120.00 [2]) but did not, by the same conduct, cause the victim's death. Thus the trial court did not err in refusing to instruct the jury on assault in the third degree as a lesser included offense of depraved indifference murder *(see, People v Umana,* 158 AD2d 492, 493).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, Thompson and Ritter, JJ., concur.