■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH STROMAN, Appellant. [813 NYS2d 105]—Appeal by the defendant from two judgments of the County Court, Orange County (Berry, J.), both rendered January 27, 2004, convicting him of robbery in the first degree (four counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, upon indictment No. 02-00829, and criminal mischief in the second degree upon his plea of guilty under indictment No. 03-00607, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's specific contentions with regard to his convictions under indictment No. 02-00829 that the evidence was legally insufficient to establish his identity or to overcome his alibi defense are unpreserved for appellate review since he did not specify those grounds in his motion to dismiss at trial (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The defendant's challenge on appeal to the admission into evidence of a statement of a witness who did not appear at trial was affirmatively waived by the defendant, who was represented by counsel when he stipulated to the admission of the statement into evidence (see People v Feldman, 219 AD2d 665, 666-667 [1995]; People v Gayles, 122 AD2d 222 [1986]).

The sentence imposed under indictment No 02-00829 was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.