◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSELITO QUINONES, Appellant. [840 NYS2d 804]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 19, 2004, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the right to a fair trial because the court failed to conduct an inquiry of a juror as to whether the juror was "grossly unqualified" under CPL 270.35 (1) on the ground that the juror in question allegedly had been sleeping during portions of the jury charge, is unpreserved for appellate review (*see People v Bradley,* 38 AD3d 793 [2007]; *People v Martin,* 28 AD3d 583, 584 [2006]; *People v Gonzalez,* 247 AD2d 328, 329 [1998]; *People v Jones,* 173 AD2d 359 [1991]). The defendant did not request that the court make an inquiry of the juror, nor did he move to discharge the juror. The defendant thus demonstrated a willingness to continue to accept the juror as a trier of fact. Therefore, he cannot be heard to complain (*see* CPL 470.05 [2]; *People v Fenderson,* 203 AD2d 585, 586 [1994]; *People v Gonzalez, supra*).

The defendant's contentions that the trial court's missing witness charge improperly omitted references to both the fact that the missing witness was only 10 years old (*see Crosby v Beaird,* 93 AD2d 852 [1983]), and the burden of proof (*see* CJI2d[NY] Missing Witness) are unpreserved for appellate review (*see* CPL 470.05 [2]) where no specific requests for instructions were made prior to the charge, and no objections were raised or requests made to further instruct the jury following the charge.

The defendant's remaining contentions raised in his supplemental pro se brief—that the admission into evidence of the two 911 calls violated his constitutional right to be confronted with the witnesses against him, that he was deprived of his rights to due process and a fair trial by the trial court's excessive questioning, and that he was deprived of a fair trial by the

prosecutor's misconduct on summation—are unpreserved for appellate review. Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.