■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SCRIMO, Appellant. [887 NYS2d 863]—Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered June 18, 2002, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ort, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly determined that the police had probable cause to arrest him (*see People v Thomas*, 231 AD2d 749, 750 [1996]; *People v Crawford*, 221 AD2d 462 [1995]). Accordingly, the County Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

The defendant's contention that certain statements made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dien*, 77 NY2d 885, 885-886 [1991]; *People v Nuccie*, 57 NY2d 818, 819 [1982]; *People v Medina*, 53 NY2d 951, 953 [1981]). In any event, the challenged comments constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109 [1976]), were responsive to the arguments presented in defense counsel's summation (*see People v Galloway*, 54 NY2d 396, 400-401 [1981]), or constituted harmless error (*see People v Crimmins*, 36 NY2d 230, 239 [1975]).

Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]).

Viewing the totality of the evidence, the law, and the circum-

stances of the case, we find that the defendant's trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 147-148 [1981]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.