THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CLANTON, Appellant. [895 NYS2d 99]—

The prosecutor improperly elicited testimony from the arresting officers which bolstered the complainants' testimony by providing official confirmation of their identifications of the defendant (see People v Trowbridge, 305 NY 471 [1953]; People v German, 45 AD3d 861, 862 [2007]; People v Ambrose, 147 AD2d 577 [1989]). However, the admission of the bolstering testimony was harmless because the evidence of the defendant's guilt, without reference to the error, was overwhelming and there was no significant probability that, but for the error, the jury would have acquitted the defendant (see People v Johnson, 57 NY2d 969, 970 [1982]; People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Garrett, 62 AD3d 899, 900 [2009]; People v Capehart, 60 AD3d 689 [2009]; People v German, 45 AD3d 861, 862 [2007]).

The defendant's contention that the Supreme Court should have re-opened the suppression hearing based on certain trial testimony is unpreserved for appellate review because he did not seek this relief (see People v Hossain, 298 AD2d 599 [2002]). Furthermore, having failed to move to re-open the hearing, the defendant may not rely upon trial testimony to challenge the suppression ruling (see People v Nunez, 55 AD3d 756 [2008]; People v Crosby, 33 AD3d 719, 720 [2006]; People v Gold, 249 AD2d 414, 415 [1998]).

The prosecutor's summation remarks regarding the statement made by the defendant after the police removed a gun from his pocket, and the defendant's unexplained possession of the complainants' property, constituted fair comment on the ev-

idence (*see People v Ashwal,* 39 NY2d 105, 109 [1976]; *People v O'Diah,* 68 AD3d 788 [2009]; *People v Scrimo,* 67 AD3d 825 [2009]). The defendant's claim that certain additional summation comments were improper is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Garcia,* 66 AD3d 699 [2009]). In any event, all but one of the remarks now claimed to have been improper were fair comment on the evidence or responsive to the defense summation (*see People v Galloway,* 54 NY2d 396, 399 [1981]; *People v Ashwal,* 39 NY2d at 109; *People v O'Diah,* 68 AD3d 788 [2009]; *People v Garcia,* 66 AD3d 699 [2009]; *People v Smalls,* 65 AD3d 708 [2009]) and the remaining challenged remark constituted harmless error (*see People v Crimmins,* 36 NY2d at 241-242; *People v Scrimo,* 67 AD3d 825 [2009]; *People v Clarke,* 65 AD3d 1055 [2009]).

The remaining contentions raised in the defendant's supplemental pro se brief regarding the prosecutor's alleged failure to disclose witness statements and correct allegedly false testimony are unpreserved for appellate review and, in any event, are without merit.

The defendant's remaining contentions are without merit. Fisher, J.P., Miller, Eng and Hall, JJ., concur.