■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER RILEY, Appellant. [912 NYS2d 413]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered March 31, 2009, convicting him of criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Marrus, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Contrary to the defendant's contention, Police Officer Adeel Rana provided an objective, credible reason for approaching the defendant's vehicle on foot after the defendant pulled over on his own volition (*see People v Ocasio*, 85 NY2d 982, 984 [1995]; *People v Howard*, 50 NY2d 583, 592 [1980], *cert denied* 449 US 1023 [1980]; *People v De Bour*, 40 NY2d 210, 223 [1976]). Upon his approach to the vehicle, Officer Rana observed conduct which gave him probable cause to arrest the defendant and search the vehicle.

The defendant's contention that the Supreme Court should have reopened the suppression hearing based on certain trial testimony is unpreserved for appellate review because the defendant did not request this relief before the Supreme Court (*see People v Clanton*, 69 AD3d 754 [2010]; *People v Hossain*, 298 AD2d 599 [2002]). Moreover, having failed to move to reopen the hearing, the defendant may not rely upon trial testimony to challenge the suppression ruling (*see People v Fleming*, 65 AD3d 702, 703 [2009]; *People v Clanton*, 69 AD3d at 754; *People v Hossain*, 298 AD2d at 599).

The defendant contends that he was deprived of a fair trial because the Supreme Court failed to conduct an inquiry of a juror as to whether the juror was "grossly unqualified" under CPL 270.35 (1) on the ground that the juror in question may have waved at two witnesses. This contention is unpreserved for appellate review (*see People v Quinones*, 41 AD3d 868 [2007]; *People v Middleton*, 18 AD3d 670, 671 [2005]). As the defendant did not request that the Supreme Court make an inquiry of the juror or move to discharge the juror, he demonstrated a willingness to continue to accept the juror as a trier of fact and, thus, cannot be heard to complain (*see* CPL 470.05 [2]; *People v Quinones*, 41 AD3d at 868).

The defendant affirmatively waived his right to challenge on appeal the prosecutor's remark that a codefendant died of a drug overdose, as he was represented by counsel when he stipulated to the admission of that fact into evidence (*see People v Stroman*, 27 AD3d 589, 590 [2006]; *People v Vargas*, 140 AD2d 472 [1988]). Skelos, J.P., Eng, Hall and Lott, JJ., concur.