THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD SAUNDERS, Appellant. [921 NYS2d 535]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 11, 2009, convicting him of criminal possession of a weapon in the third degree (two counts) and operating a motor vehicle without safety belts, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial because the Supreme Court failed to conduct an inquiry as to whether certain jurors were grossly unqualified or engaged in substantial misconduct under CPL 270.35 (1). The defendant allegedly saw, but did not hear, the jurors in question engaged

in an argument or discussion on the street after the jury had been excused for the day, thus suggesting that they might have discussed the case outside the jury room. This contention is unpreserved for appellate review (*see People v Riley*, 79 AD3d 911, 912 [2010]; *People v Quinones*, 41 AD3d 868 [2007]). Although the defendant's attorney reported the defendant's observations to the court, the defendant did not request that the Supreme Court make an inquiry of the jurors or move to discharge them. Therefore, he demonstrated a willingness to continue to accept the jurors as triers of fact and, thus, cannot be heard to complain (*see* CPL 470.05 [2]; *People v Riley*, 79 AD3d at 912; *People v Quinones*, 41 AD3d at 868).

In any event, there was no evidence in the record that the jurors were grossly unqualified to serve, engaged in substantial misconduct, or were otherwise unable to render an impartial verdict (*see People v Argendorf*, 76 AD3d 1100, 1100-1101 [2010]; *People v Rivera*, 31 AD3d 670, 671 [2006]).

The defendant's remaining contention is without merit. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.