█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK CHISHOLM, Appellant. [932 NYS2d 180]—

The Supreme Court providently exercised its discretion in denying the defendant's application for a *Darden* hearing (*see People v Darden*, 34 NY2d 177 [1974]), in light of the fact that the confidential informant appeared before the issuing magistrate and gave sworn testimony concerning the events in question (*see People v Serrano*, 93 NY2d 73, 77 [1999]; *People v Monk*, 28 AD3d 793, 793 [2006]). Moreover, the defendant's conclusory, unsupported assertion that the officer's warrant affidavit was untruthful is insufficient to trigger the need for a hearing (*see* CPL 710.60 [1], [3] [b]; *People v Gaviria*, 183 AD2d 913, 914 [1992]).

The defendant's contentions that the evidence was legally insufficient to establish that he possessed the weapons at issue with the intent to use them unlawfully against another, and that the evidence was legally insufficient to establish that he possessed certain drug paraphernalia with the intent to package or dispense a narcotic drug or stimulant are unpreserved for appellate review. In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we find that it was legally sufficient to establish the defendant's guilt of the crimes he was convicted of beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant affirmatively waived his right to challenge on appeal the admission of a stipulation relating to the proposed testimony certain police chemists would offer if called at trial, since he and his attorney agreed to the entry of the stipulation (*see People v Riley*, 79 AD3d 911, 912 [2010]; *People v Stroman*, 27 AD3d 589, 590 [2006]).

The defendant's contention raised in point V of his pro se supplemental brief is unpreserved for appellate review, and, in

any event, is without merit. The defendant's remaining contentions raised in his pro se supplemental brief are without merit. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.