■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RIVERA, Appellant. [998 NYS2d 898]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered October 20, 2010, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial because the trial court failed to conduct an inquiry of a juror as to whether the juror was "grossly unqualified" under CPL 270.35 (1) on the ground that the juror allegedly had been sleeping during portions of the trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Saunders, 83 AD3d 1100, 1100-1101 [2011]; People v Riley, 79 AD3d 911, 912 [2010]; People v Quinones, 41 AD3d 868 [2007]; People v Lunetta, 38 AD3d 1303 [2007]; People v Bradley, 38 AD3d 793, 794 [2007]). The defendant neither requested that the court interview the juror nor moved for the juror's discharge (see People v Saunders, 83 AD3d at 1100-1101; People v Riley, 79 AD3d at 912; People v Quinones, 41 AD3d 868 [2007]; People v Lunetta, 38 AD3d 1303 [2007]; People v Bradley, 38 AD3d at 794). In any event, as the court had the benefit of its own observations, further inquiry of the juror was not required (see People v Booker, 49 AD3d 658, 660 [2008]; People v Lennon, 37 AD3d 853, 854 [2007]; People v McIntyre, 193 AD2d 626 [1993]).

The defendant's contention that he was improperly sentenced based, in part, on crimes of which he was acquitted is unpreserved for appellate review (see People v Dubois, 116 AD3d 878 [2014]). In any event, his contention is without merit (see id.; People v Harris, 101 AD3d 900 [2012]). Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.